(98 App. Div. 53)

## FULLER v. JAMESON et al.

(Supreme Court, Appellate Division, First Department. November 18, 1904.)

1. FIRE INSURANCE—CHANGE OF INTEREST—BANKRUPTCY—RECEIVERS.

    A bankruptcy adjudication against insured, and a note by the referee in bankruptcy in his record of the name of the person whom he had selected as receiver to take charge of his property pending the appointment of a trustee, and an order appointing the receiver and his qualifica-

tion two days after the destruction of the property covered by the policy, did not constitute such a change of interest as to invalidate the policy under a provision that it should be void if any change other than by the death of the insured should take place in the interest, title, or possession of the subject of insurance, etc., during the life of the policy.

Appeal from Trial Term, New York County.

Action by John S. Fuller, as trustee in bankruptcy of Charles E. Callender, against Edwin C. Jameson and others. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

This action is brought on a policy of fire insurance in the standard form of the state of New York, issued by the defendants and 24 other underwriters associated in the business of insurance against fire. After issue joined, the case was regularly reached upon the Trial Term calendar, when the parties waived a trial by jury, and submitted the case to the court for its decision upon the following agreed facts: On or about December 6, 1899, the defendants and 24 other underwriters issued to one Charles E. Callender a policy of insurance against loss by fire on certain property in the sum of $2,500 for the term of one year from November 25, 1899. The policy contained a provision that it should be and become void "if any change other than by the death of the insured take place in the interest, title, or possession of the subject of insurance (except change of occupants without increase of hazard), whether by legal process of judgment or by voluntary act of the insured or otherwise." At the time the policy was issued, the said Charles E. Callender was the sole and unconditional owner of the property insured, except that there was a mortgage thereupon, which has been since satisfied. Subsequently to the time when the policy was issued, and on or about the 2d day of March, 1900, the said Charles E. Callender filed a petition in bankruptcy in the District Court of the United States for the District of Massachusetts, in which district he resided, and in which the insured property was located. Upon the same day he was adjudicated a bankrupt. On March 10, 1900, the said Charles E. Callender filed a petition with the referee in bankruptcy for the appointment of a receiver of his property. The referee thereupon informed him that he had appointed John S. Fuller receiver, and the following entry was made on the same day in the record book of the referee: "On application by bankrupt, and after hearing evidence, John S. Fuller, of Stockbridge, Mass., was appointed receiver to continue the business until the appointment and qualification of trustee. Bond fixed at $10,000." During the afternoon of that day when the bankrupt applied for the appointment of a receiver, and after the referee in bankruptcy had communicated to him that he had appointed John S. Fuller as receiver, the bankrupt and the said Mr. Fuller were at the mill mentioned and described in the policy, and they examined the property and affairs of the bankrupt. Subsequently to such examination, and on the night of the same day—that is, of March 10, 1900—the property described in the policy of insurance was destroyed by fire. Several days after the fire a formal order was entered appointing the receiver, and he duly qualified, giving a bond. The court subsequently made its decision and entered judgment for the plaintiff, and the defendants appeal therefrom.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Frederick R. Coudert, for appellants.

S. F. Randall, for respondent.

O'BRIEN, J. On the trial the defendants urged that the adjudication in bankruptcy, the petition of the bankrupt for the appointment of a receiver and the receiver having been named effected such a change in the interest, title, and possession of the property described in the policy as to render it void. This was the sole question litigated on the

trial, and which is again presented upon this appeal—as to whether, by reason of the facts stated, such a change took place in the title, interest, and possession of the assured before the fire as to render the policy void. In suits brought by this same plaintiff against seven other insurance companies to recover for damages by the same fire the legal questions involved were recently passed upon by the Massachusetts Supreme Court in favor of the plaintiff. Fuller v. Fire Ins. Co. et al., 184 Mass. 12, 67 N. E. 879. Therein the policies presented were in the Massachusetts standard form, and the provision as to change of title is differently worded, but upon the question of the effect of the adjudication in bankruptcy upon the insurable interest of the bankrupt and the effect of naming a person to be receiver that case is not only instructive, but affords a strong argument in favor of the conclusion reached by the learned trial judge. It was therein said:

"The next contention is that upon the adjudication that Callender was a bankrupt he ceased to have an insurable interest in the property. But neither the policies nor the insured property vested in the trustee at the time of the adjudication. The insured property never vested in the trustee, because it was not in existence at the time of his appointment and qualification. The title to it remained in Callender until it was destroyed by fire, as also did the title to the policies. Hence the destruction of the property changed or ripened the conditional obligation of the insurers into a fixed obligation to pay the amount of indemnity stipulated for in the policy. * * * The same considerations disposed of the contention that the adjudication and the appointment of a receiver before the fire violated the right of the insurer to have the insured property cared for by Callender. He was still the owner of the property, and in its actual control, and the rights and obligations of the receiver tended to add to, and not to diminish, the care and oversight of the insured property, and could in no way increase the risk, or alter it to the detriment of the insurers."

It will be noticed with respect to the effect of the receivership that the facts stipulated in the present case are more favorable to the plaintiff, because in the Massachusetts case it was assumed that the receiver was duly appointed before the fire, whereas here it appears that on the day of the fire all that was done with reference to the receivership was to have the referee in bankruptcy note in his record the name of the person whom he selected, and that the order appointing such person receiver and his qualifications as such by the giving of a bond did not occur till two days after the fire. The bearing of a receivership upon the rights of an assured, even though the receiver was appointed before the fire was, however, squarely passed upon not only in the Massachusetts case, supra, but also in our own state in the case of Keeney v. Home Insurance Company, 71 N. Y. 396, 27 Am. Rep. 60, wherein it was held, as correctly summarized in the syllabus, that:

"Where a policy of fire insurance upon partnership property contains a condition that a sale or transfer of the property or any change in title or possession will render the policy void, the policy is not avoided by the appointment in an action to dissolve the partnership of one of the copartners as receiver pendente lite of the partnership property. Such an appointment works no change in the title, nor does the exclusive control thus given the receiver over the property constitute a change of possession within the meaning of the policy."

If the appointment of a receiver before a fire does not effect a change in the title or possession so as to render the policy void,

with much greater force can it be successfully contended that the appointment of a receiver after a fire does not impair or destroy in any way the title or interest or possession of the assured so as to render the policy void under the terms of a provision such as we are considering.

In addition to what was said in the Massachusetts case as to the effect of an adjudication in bankruptcy, it is only necessary to refer to the case recently decided by this court of Rand v. Iowa Central Railroad, 96 App. Div. 413, 89 N. Y. Supp. 212, which has a direct bearing upon the question, because therein we find a review of the bankruptcy acts relating to the divestment of the bankrupt's title. After referring to these several acts, attention is called to the present bankruptcy law of July 1, 1898, c. 541, § 70, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451], which provides that "the trustee of the estate of the bankrupt upon his appointment and qualification * * * shall * * * be vested by operation of law with the title of the bankrupt as of the date he was adjudged a bankrupt"; and it was said:

"It will be seen that the bankruptcy law of 1867 differed from the present bankruptcy law, in that under the former a formal conveyance or assignment of the property of the bankrupt was essential to vest title in the assignee, whereas under the present act title vests by operation of law as under the act of 1841; the only difference between the act of 1841 and the present act in that regard being that under the former it was expressly declared that, upon being decreed a bankrupt, the title of the bankrupt should be divested by mere operation of law from the time of such decree, and under the present act it is declared that the trustee, upon his appointment and qualification, shall be vested by mere operation of law with the title of the bankrupt as of the date of the adjudication in bankruptcy."

The appellant gets some comfort from the further expression in that opinion where the judge says:

"It may be that the legal title to this chose in action remained in the bankrupt, but it is clear, I think, that he holds it as trustee, and that the equitable title passed to the creditors, and the custody and control passed to the court for their benefit, to be administered through a trustee, to whom the legal title will pass upon his appointment and qualification."

It is insisted that, if "the equitable title passed to the creditors," this was such a change of interest or title or possession as rendered the policy of insurance under its terms void." In what was said in that opinion but two judges concurred, and the difference in the views entertained by the members of the court was with respect to the language quoted, namely, that the bankrupt, until the trustee in bankruptcy was appointed, held the property as trustee, and that the equitable title passed to the creditors. It was not intended, however, by this language to express the idea that by the adjudication in bankruptcy and before the appointment of the trustee any change was effected with respect to the title, interest, or possession of the bankrupt. The view therein formulated was, in effect, that by the adjudication the right of the bankrupt to deal with the property or to sell or transfer it was suspended until such time as the trustee in bankruptcy was appointed, when, by operation of law, the title would vest in the trustee as of the date of the adjudication

in bankruptcy. In the interim, however, the title to the property, together with the incidents of interest and possession, were in the bankrupt, and the insurable rights which the bankrupt had in the policy of insurance were not in any way affected or impaired. We think that this is made clear by recalling—what we assume will be conceded—that during such interim between the adjudication and the appointment of the trustee the bankrupt, and no one else, could as owner insure the property. We think that the construction to be placed upon the provision in the policy as to the character of the change of title, interest, or possession which would render the policy void is such a change as would enable someone else having the right and the title to take out a new policy.

We think that the judgment below was right, and should be affirmed, with costs.

VAN BRUNT, P. J., and PATTERSON and HATCH, JJ., concur. LAUGHLIN, J., concurs in result.