(45 South. 384.)

No. 16,810.

GORDON v. MECHANICS' & TRADERS' INS. CO.

In re MECHANICS' & TRADERS' INS. CO.

(Dec. 16, 1907.)

INSURANCE — FIRE INSURANCE — CONTRACT — FORFEITURE—CHANGE OF TITLE.

A fire insurance policy contained the following stipulation: "The entire policy, unless otherwise provided by agreement herein indorsed or added hereto, shall be void * * * if the interest of the insured be other than unconditional and sole ownership * * * or if any change other than death of an assured takes place in the interest, title or possession of the subject of insurance whether by legal process or judgment, or by voluntary act of the assured, or otherwise, or if this policy be assigned before a loss." On February 1, 1905, the assured filed a petition in the United States District Court for the Eastern District of Kentucky in voluntary bankruptcy, and on the same day he was adjudged a bankrupt. On February 2d the stock of merchandise insured was (at Ruston, La.) destroyed by fire. On February 3d a receiver was appointed, and on February 13th the same person was appointed as trustee and qualified as such. On May 13th the District Court confirmed a composition which had been entered into between the bankrupt and his creditors. The assured thereafter sued the insurance company. The latter pleaded that the policy had become void by reason of the proceedings in bankruptcy. The court rendered judgment in favor of the plaintiff, and the correctness of that judgment has been brought up for review.

Held, the judgment is correct and is affirmed. The property insured was destroyed before either a receiver or a trustee was appointed. In the interim between the adjudication in bankruptcy and the appointment and qualification of the trustee, the title to the property with the incidents of interest and possession continued in the bankrupt. When the trustee was appointed, there was no property in existence to which the title in the trustee could vest. The trustee of a bankrupt is not obliged to accept title to the property surrendered by the bankrupt, if to do so would not benefit the creditors, or would prejudice them. The creditors deemed it to their interest to make a composition with the bankrupt, and depend upon his personal obligation to them and did so. The court confirmed the composition. The composition did away with the effect of the bankruptcy proceedings, and the assured had the right to sue on the policy with his rights intact.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 809.]

(Syllabus by the Court.)

Certiorari to Court of Appeal, Parish of Lincoln.

Action by Jacob Gordon against the Mechanics' & Traders' Insurance Company. Judgment for plaintiff, and defendant brings certiorari or writ of review to the Court of Appeal, by which the judgment had been affirmed. Affirmed.

Price, Roberts & Warren (Parkerson, Bruenn & Breazeale, of counsel), for applicant. Clayton & Hawthorn, for respondent.

NICHOLLS, J. This case was tried and decided in the lower court upon the following statement of facts:

(1) That the defendant issued to plaintiff its policy of insurance on plaintiff's stock of goods while contained in the one-story frame building with shingle roof at No. 409, block P, Sanborn's map, in the town of Ruston, La., for the amount of $1,000 as alleged in plaintiff's petition, which policy is herewith filed and marked "Exhibit A."

(2) That plaintiff began to place his goods in the said store building on or about the 2d day of September, 1904, and began business as soon thereafter as his goods could be placed and straightened; that it is agreed that the affidavit of plaintiff hereto attached, and marked "A, 1," shall be received in evidence without objection as to form or manner of taking. The book referred to in

said affidavit is filed herewith and marked "Exhibit B."

(3) That plaintiff from time to time entered into a book kept for that purpose the invoices for all the merchandise bought after opening up business at Ruston, La., as a merchant; said book being filed herewith, and marked "Exhibit C."

(4) That said plaintiff kept a record or account of his daily cash sales made each day in a cash book; said cash book being filed herewith and marked "Exhibit D."

(5) That on February 1, 1905, plaintiff filed a voluntary petition in bankruptcy in the United States District Court for the Western District of Kentucky, in the city of Louisville, Ky., and on said petition on said date said plaintiff was adjudicated a bankrupt. Certified copies of said petition and said decree adjudicating said plaintiff a bankrupt are filed herein, and marked "Exhibits E and F."

(6) That on February 2, 1905, the stock of merchandise belonging to plaintiff while situated in said building was destroyed by fire, which originated in the building occupied by Freyer & Goldberg adjoining that occupied by plaintiff.

(7) That on February 3, 1905, George L. Martin was appointed and qualified as receiver of the plaintiff, bankrupt, and on February 15, 1905, the said Martin was appointed trustee, and on February 17, 1905, qualified by having his bond approved. Certified copies of said orders and decrees being filed herewith and marked "Exhibits G, H, I, and J."

(8) That on May 13, 1905, a decree was entered by the judge of the United States District Court for the Western District of Kentucky, confirming a composition offered by plaintiff to his creditors; said decree being filed herewith, and marked "Exhibit K."

(9) That the policy sued on herein is and was a part of the assets of the plaintiff in the hands of the trustee, and reconveyed to plaintiff by the trustee by virtue of the decree of confirmation of composition above referred to.

(10) That the stock of merchandise named in said policy and insured thereunder was worth at least $7,000 at the time of the fire, and that the total concurrent insurance, including the policy sued on herein, did not exceed $5,000.

The clause of the policy upon which the defendant relies reads with some inapplicable omissions as follows:

"The entire policy unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if the interest of the insured be other than unconditional and sole ownership * * * or if any change other than by death of an assured takes place in the interest, title or possession of the subject of insurance whether by legal process or judgment or by voluntary act of the insured or otherwise, or if this policy be assigned before a loss."

Defendant contends that at the moment of the adjudication in bankruptcy the title to the property involved passes at once out of the bankrupt, and vests in the trustee to be appointed by the creditors, in due course under the provisions of the federal statute; that a transfer to an assignee by decree of court under the bankrupt laws of the United States, upon the bankrupt's petition, divests the bankrupt of all title to his property, which title becomes immediately vested in the assignee. Defendant's counsel say section 70 of the bankruptcy act of 1898 concerning the question at issue reads as follows (with certain unimportant omissions):

"The trustee of the estate of a bankrupt upon his appointment and qualification * * * shall be vested by operation of law with the title of the bankrupt as of the date he is adjudged a bankrupt * * * to all * * * property which prior to the filing of the petition he could by any means have transferred."

Construing the clause of the statute under consideration, the court said in Re Burka (D. C.) 104 Fed. 327:

"Properly interpreted the trustee is by operation of law vested with the title as of the date the bankrupt was adjudged to be a bankrupt."

See, also, In re Elmira Steel Company (D. C.) 109 Fed. 472, and authorities there cited.

The court in Re Abrahamson, 1 Am. Bankr. Rep. 44, well said:

"From the time of filing the petition in a case of voluntary bankruptcy the bankrupt's estate is 'in custodia legis,' and upon the general power and general jurisdiction conferred upon a court of bankruptcy, which powers are to be exercised by the referee to whom the matter in bankruptcy is referred, it is the duty of the court upon its own motion to take actual possession and custody of the bankrupt's estate through a receiver or by direction to a marshal."

See, to same effect, Carter v. Hobbs (D. C.) 92 Fed. 597.

Counsel quote Young v. Insurance Co., 14 Gray (Mass.) 150, 74 Am. Dec. 673, Adams v. Insurance Co., 29 Me. 292, and Perry v. Insurance Company, 6 Lans. (N. Y.) 201, as declaring:

"That the proceedings may be stayed, and thus the property become revested in him is a contingency too remote to be considered the foundation of a remaining insurable interest in the bankrupt. He has no power to reclaim the property, and has no right in law or equity by any contract executed or executory."

And Dey v. Insurance Co., 23 Barb. (N. Y.) 623, and Hazard v. Insurance Company, 7 R. I. 429, as holding that "a voluntary assignment for the benefit of creditors is a transfer."

Plaintiff's counsel contend that a voluntary petition in bankruptcy and an adjudication thereon is nothing more nor less than an expression of willingness on the debtor's part to consummate and deliver to the creditors his property already legally pledged to them; that the adjudication merely means the court's willingness to accept it whenever a trustee shall have been appointed to take charge of it; that the mere expression on the part of the insured debtor to deliver to the trustee in bankruptcy and the assent of the court to accept it through the trustee

when appointed does not and cannot operate either a change of ownership or possession until the trustee is actually appointed and takes charge; that during the interval between the adjudication and the appointment and qualification of the trustee the title must remain in somebody. The trustee is not in existence, and it cannot therefore be in the trustee. If the title be neither in the trustee nor in the bankrupt, there would be a hiatus in the title, a period during which the property would belong to nobody.

The title cannot pass to the trustee, though, when it does pass, it may be retroactive in its effect, and date back to the adjudication. But, if no trustee is ever appointed, the bankrupt does not part with the ownership of his property. There might be and are cases where it might never be necessary to appoint a trustee. If not there never was a change in the title, and if there was no change in the title, the policy was not void. Under the bankruptcy law there is no change of title until the trustee is actually appointed and qualified, whatever may be its retroactive effect when it is actually accomplished.

As to the possession of the property it must of necessity remain with the bankrupt until some one receiver or trustee is authorized to take charge; and even then it is universally held that the mere taking possession of property by a receiver under a decree of court is not a change of possession to void the policy. Plaintiff urges that the principle that a mere formal seizure of part of the goods insured which did not actually dispossess the insured does not carry with it as its result the avoiding of a policy under the clause which defendant relies on in this case finds application in this case, and that principle has been recognized in McClelland v. Insurance Company, 107 La. 124, 31 South. 691; Herman v. Katz, 101 Tenn. 118, 47 S. W. 86, 41 L. R. A. 700; Walradt v. Insurance Co., 136 N. Y. 382, 32 N. E. 1063, 32 Am. St. Rep. 752.

Plaintiff also urges that a transfer of the policy under bankrupt proceedings is within the prohibition which makes its assignment vitiate the policy, citing 13 Am. & Eng. Ency. of Law, 187, 242.

Plaintiff particularly relies in this case upon Fuller v. Jameson, 98 App. Div. 53, 90 N. Y. Supp. 456, and Fuller v. Insurance Company, 184 Mass. 12, 67 N. E. 879.

Counsel of plaintiff quote the court in the New York case as saying:

"In the interim, however, the title to the property, together with the incidents of interest and possession, were in the bankrupt, and the insurable rights which the bankrupt had in the policy of insurance were not in any way affected or impaired. We think this is made clear by recalling—what we assume to be conceded—that during such interim between the adjudication and the appointment of the trustee the bankrupt, and no one else, could as owner insure the property. We think that the construction to be placed upon the provision in the policy as to the character of the change of title, interest, or possession which would render the policy void is such a change as would enable some one else having the right and title to take out a new policy."

It appears from the agreed statement of fact that plaintiff filed a petition in voluntary bankruptcy on February 1, 1905, and that on the same day he was adjudicated as a bankrupt, but that on the very next day, February 2, 1905, the property which was covered by the insurance policy on which the present suit was instituted was destroyed by fire.

This was before either a receiver or a trustee had been appointed or qualified. As a consequence, the possession of that property never passed from Gordon to either the one or the other. Had the property remained in existence up to the date of the appointment of the Martin trustee, title to the same could have been transferred from the bankrupt (Gordon) to him, but there was at that time no property to which title could attach, nothing which the trustee could receive for the benefit of the creditors. The trustee is not bound to accept property tendered by the bankrupt to the creditors, even if it be in existence, unless such acceptance would be beneficial to them, a fortiori when it would be prejudicial to do so.

In this case, before the trustee could exercise any option on the subject, the property was destroyed. What had been property in Gordon in a stock of goods no longer existed. All that remained from it of value to either himself or his creditors was the money which he could derive himself from the policy of insurance upon it. By collection of the amount to be drawn from it the proceeds could be made to enure to the benefit of his creditors. The only hope which the creditors had of getting anything from the property would be through Gordon enforcing his rights upon the policy. Where the trustee does not deem it of benefit to accept title to particular property when in fact it could not be applied to the payment of creditors, the title to it remains in the bankrupt as if it had not been tendered. It was to be expected under the circumstances that the creditors would consent to a composition with Gordon, and depend upon his personal obligation to pay them, and this it appears was the fact.

The creditors made a composition with the debtor which was confirmed by the court. The effect of this was to place matters quoad the property covered by the policy as if it had never been tendered to the creditors. In the interval between the adjudication in bankruptcy and the appointment of the trustee the title of the property tendered remains in the bankrupt. The decree itself does not pass the title. Its date simply marks the point of time to which the title, if subsequently acquired by the trustee, relates back. The title of the bankrupt in the interval exists. It may vest in the trustee, or it may not as circumstances should develop. No title could vest when there would be no property in existence when he was appointed to which a title could be made to apply. We have not been able to refer to the cases from New York and Massachusetts from which plain-

tiff's counsel quote, but the remarks, as quoted, are in themselves forcible, and we think correct. Defendant does not set up any injury or harm to itself, in fact, from what has taken place in this matter. It is standing upon what it must admit to be the very strictest construction of the contract and the law in its favor. We do not concur with it as to what the rights and obligations of the parties springing from the situation are. The only question argued in the brief in behalf of defendant is that which we have discussed. The other position taken by it in the lower court we presume is not relied on.

We think the judgment brought up for review is correct; and it is hereby affirmed.