# CHARLESTON

## BRONSON *v.* INSURANCE COMPANY.

### Submitted June 4, 1908.    Decided December 9, 1908.

INSURANCE—*Conditions—Construction—Possession of Property.*

A fire insurance policy on personal property provides that if any change takes place in the interest, title or *possession* of the property, ''whether by legal process of judgment, or otherwise,'' the policy shall be wholly void. The appointment of a receiver in a suit to take possession and control of the property, who takes actual possession of it, prevents recovery of loss under it. (p. 495.)

Error to Circuit Court, Mingo County.

Action by Wade H. Bronson against the New York Fire Insurance Company. Jugment for defendant, and plaintiff brings error.

*Affirmed.*

STOKES & BRONSON and SHEPPARD, GOODYKOONTZ & SCHERR, for plaintiff in error.

VINSON & THOMPSON and D. W. BROWN, for defendant in error.

BRANNON, JUDGE:

The New York Fire Insurance Company issued a policy to The Columbia Distilling Company insuring a stock of liquors and other personal property. The policy contained ·

the provision that, "This entire policy, unless otherwise provided by agreement endorsed thereon or added thereto, shall be void if  *   *   *   *   any change other than by death of the insured takes place in the interest, title or possession of the subject of insured (except change of occupancy without increased hazard) whether by legal process, or judgment, or by voluntary act of the insured, or otherwise, or if this policy be assigned before-loss." A suit was brought to dissolve the insured corporation, and in it a receiver was appointed to operate the distillery and take possession and control of the company's property including the personalty insured, and the receiver did take actual possession of such property. Later a proceeding in bankruptcy was instituted against the distilling company to adjudge it a bankrupt, and in this bankruptcy proceeding another receiver was appointed to take possession of the said property, and he did take possession of it. Later a fire destroyed the property insured. We have in hand a writ of error in an action brought by Bronson, Trustee in Bankruptcy, against the insurance company, to recover from it the loss arising from the fire. The judge of the circuit court of Mingo county, upon agreed facts, rendered judgement for the insurance company.

The sole question here is whether the change of possession into the hands of the said receivers avoids the policy and bars recovery because of the clause in the policy above quoted. We think no recovery can be had upon it. By the appointment of the receiver and his taking actual possession of the property, the distilling company, which was in possession when the policy issued, was deprived of the possession. When an insurance company insures property for one person, it has inquired into his carefulness and character and it trusts him to provide for the safety of his own property, while he has it in possession; but it does not trust everybody into whose hands it may come, whether he be receiver or not. The very thing against which that policy provided had taken place before the fire, a total change of possession. The distilling company no longer guarded the property. It was in the hands of one not moved by the same interest to care for the property as would be the distilling company when solvent

and operating. Its interest had practically ceased; it was bankrupt. Kerr on Insurance, section 151, says that a condition of a policy that if any change of title or possession takes place, "whether by sale, transfer, conveyance, legal process or judicial decree, then and in every such case the policy shall be void, includes an involuntary as well as a voluntary change of possession. A writ of attachment is process, and the fact that an officer levied upon property insured under a writ of attachment, and took possession thereunder, shows a change of possession avoiding the policy." The case cited by Kerr, *Cary* v. *Insurance Co.*, 84 Wis. 80, 20 L. R. A. 367, so holds. The mere delivery to a sheriff of an execution for levy is not a change of title or possession under such a policy, nor even is its levy, unless the officer takes actual possession, though the levy gives him constructive possession; but it is different if he takes actual possession. A sale under decree does not change interest, so long as the insured remains in possession, and retains right of redemption. Vance on Insurance, 454. It is the actual change of possession, physical possession, that violates the policy. In this case there was such change of possession. It will be found on reading the authorities that actual change of possession under legal procedure so · operates. *Walradt* v. *Insurance Co.*, 136 N. Y. 375, 32 Am. St. R. 752; *Phoenix Ins. Co.* v, *Lawrence*, 81 Am. Dec. 521; *Wood* v. *Ins Co.*, 52 Am. St. 733; *McClellan* v. *Greenwich Ins. Co.*, 31 So. 691. *Cleavenger* v. *Franklin Ins. Co.*, 47 W. Va. 119, does not militate against this position, but supports it. It holds that a decree of sale which is not executed until after the fire does not avoid a policy such as is involved in this case, because there was no change of title or possession until after the fire. That is, if there had been such a change of possession, it would be different. The case of *Georgia Home Ins. Co.* v. *Bartlett*, 91 Va. 305, would not support a recovery in this case. A corporation owned the property and gave a deed to trustees to secure its creditors. The trustees took out insurance for the corporation in its name and leased the property. The property was in the possession of the corporation. The trustees never took actual possession. The receiver was ap-

pointed on the resignation of the trustees, and left the same lessee in possession. It was held the policy was not avoided. The court said that the mere appointment of a receiver did not work any such change in the possession or title of the property as contemplated by the clause of the policy. No change of possession took place. The same lessee in possession under the corporation before the trustees resigned remained in possession after the substitution of a receiver in their place, and was in possession at the time of the fire. The court said: "The only change that had taken place was that the Court had appointed J. Kemp Bartlett, Jr., as the hand to receive and sign receipts for rent arising from the Luray Inn in the room and stead of H. J. Smoot and others, Trustees, resigned. The only act performed by J. Kemp Bartlett, Jr., as receiver after his qualification on the 16th of October, 1891, disclosed by the record, was to make an endorsement thereon extending for a further time the same lease that was on the property when the policy was executed, thus continuing the property in the actual possession of the same lessee." The case of *Thompson* v. *Phoenix Co.*, 136 U. S. 287, was where property insured in the name of the receiver was in the hands of the court by its receivers at the date of the policy, and the fire occurred while the property was in the hands of the receiver who took out the policy. Before the fire that receiver resigned, and a new one was appotnted, but had not qualified or taken possession when the fire occurred. There was no change of actual possession. It was still in the hands of the first receiver. The court held that the mere name of the receiver or the personnel of the officer did not change the possession of the property, as it was in the possession of the same party at the date of the fire as when the policy was written. The point of the decision is that a mere change of the receiver, not changing possession, is not a change of title or possession under the policy. But this admits that if there were a change of possession, it would be different. Counsel asks, "Did the appointment of a receiver increase hazard or risk?" We say yes, or might have done so. The company did not choose the receiver, or consent to his selection. It provided against it. It is the letter and plain meaning

and spirit of the contract, and it has been said over and again that "contracts of insurance like other contracts are to be considered according to the sense and meaning of the terms, and if clear and unambiguous, the terms are to be taken in their plain, ordinary and popular sense." *Imperial Insurance Co.* v. *Coos County*, 151 U. S. 452. The clause is nothing but the usual in policies, made for the protection of the company, and has been often recognized by the courts as valid.

We affirm the judgment.

*Affirmed.*