## In re M. I. HIBBLER MACH. SUPPLY CO.

### (District Court W. D. New York.   January 5, 1912.)

### No. 3,938.

**1. BANKRUPTCY (§ 314*)—CLAIMS—SECURITY—MERGER.**

Where claimant accepted a conveyance in lieu of her secured claim against the bankrupt's estate, a mortgage was merged in the deed, and she could not thereafter file a claim on the bond secured by the mortgage or have the value of her security determined pursuant to bankruptcy Act July 1, 1898, c. 541, § 57, 30 Stat. 560 (U. S. Comp. St. 1901, p. 3443).

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 314.*]

**2. BANKRUPTCY (§ 346*)—TAXATION—SALE OF PROPERTY—PAYMENT OF TAXES BY PURCHASER—SUBROGATION.**

While ordinarily taxes legally due and owing by the bankrupt must be paid by his trustee before the assets are apportioned among the creditors, yet when property is sold under order of court and the purchaser subsequently pays the taxes, he is not subrogated to the rights of the taxing power to priority of payment.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 535; Dec. Dig. § 346.*]

**3. BANKRUPTCY (§ 346*)—CLAIMS—TAXES—SALE OF PROPERTY SUBJECT TO TAXES.**

Where a bankrupt's trustee transfers property subject to payment of taxes, there is a legal obligation on the grantee's part to pay the taxes, and, if the property is by him sold, the purchaser having knowledge of the outstanding taxes cannot be subrogated to the rights of the taxing power for preferential payment.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 346.*]

**4. INSURANCE (§ 328*)—CHANGE IN TITLE—BANKRUPTCY.**

At the time of bankruptcy adjudication, the bankrupt owned a building on which were fire policies having several years to run, which contained a provision that they should be void if any change occurred in the title, interest, or possession of the premises, other than by death of the insured, whether such change was due to legal process or otherwise. The appointment of receiver in bankruptcy and the vesting of title in him had been noted on the policies at the request of a mortgagee, but no such notation or change was made in the policies after the election of a trustee; he considering that the general creditors had no substantial insurable interest in the property. *Held*, that the policies were void as to the trustee.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 809; Dec. Dig. § 328.*]

In the matter of bankruptcy proceedings of the M. I. Hibbler Machine Supply Company. On petition to review a referee's decision with reference to the claims of Margaret V. Lighthouse. Affirmed.

S. D. Bentley, for petitioner.

George A. Carnahan, for trustee.

HAZEL, District Judge. The petition of the trustee to reject and expunge the claim of Margaret V. Lighthouse, the petitioner for review, for $3,101.68, with interest, was granted by the referee in bankruptcy, and her claim for an order requiring the trustee to pay taxes

---

and certain other claims was denied. The case comes before me on review of, the determination by Referee Draper, and exceptions filed to his report.

[1] 1. As to the rejection of the claim arising out of the mortgage transaction, I agree with the referee in his reasoning and conclusions that Mrs. Lighthouse, by her acts, elected to abandon her mortgage lien against the property of the bankrupt, described in the mortgage; and that in subsequently acquiring title to the premises from Mr. Hibbler there was created a merger in the quitclaim deed of her mortgage lien. · The covenant in the deed expressly negativing a merger, in view of the facts and circumstances disclosed in the record, is without effect as to the bankrupt for the reason that it is shown by evidence to have been the intention of the claimant to take the conveyance in lieu of her secured claim against the bankrupt estate. She cannot now be permitted. to file her claim on the bond or have the value of her security determined pursuant to section 57 of the bankrupt act.

[2] 2. It is difficult to conceive of any sound reason why the claimant, who practically took title from Darling, to whom the property was conveyed by the trustee in bankruptcy subject to taxes, liens, and incumbrances, should now be entitled to have the trustee pay them under the priority provision of section 64 of the bankruptcy act. While ordinarily the taxes legally due and owing by the bankrupt must be paid by his trustee before the assets of the bankrupt are apportioned among the creditors, still, when the property is sold under an order of the court, and the purchaser subsequently pays the taxes, he is not subrogated to the rights of the municipality to priority payment. Collier on Bankruptcy (6th Ed.) 529 and cases cited.

[3] By analogy it may safely be held, I think, that when the trustee in bankruptcy transfers property subject to the payment of taxes, there is a legal obligation on the part of the grantee to make such payment; and, if the property is by him sold, the purchaser, having knowledge of outstanding taxes, cannot be subrogated to the rights of the municipality for preferential payment. As bearing upon this proposition, see In re Stalker (D. C.) 123 Fed. 961, and In re Brinker (D. C.) 128 Fed. 634, cases decided by this court, and which disclose the principle applicable here.

[4] 3. The fire insurance policies on the building owned by the bankrupt, which were in force at the time of his adjudication, had several years longer to run. Each contained a standard provision that the policy would be void if any change occurred in the title, interest, or possession of the premises other than by the death of the insured whether such change was due to legal process or otherwise. The trustee in bankruptcy after his election did not request the continuance of the insurance policies either for the benefit of the bankrupt estate or for any other person in interest. He considered that the general creditors had no substantial insurable interest in the property. It had previously been noted in the policy that the title vested in the receiver in bankruptcy; but after the election of the trustee this notation as to title was not changed, and nothing whatever was done to

keep the policy in force. The notice of change of title to the receiver was made by the insurance company at the request of the mortgagee, the petitioner herein; and the evidence shows that the policies were preserved for her sole benefit. Under the circumstances it is thought that the policy became void as to the trustee, and that there was such a change of title as to come within the provision of the policy relating to change of title or possession. Fuller v. Jameson et al., 98 App. Div. 53, 90 N. Y. Supp. 456, affirmed 184 N. Y. 605, 77 N. E. 1187; Gordon v. Mechanics' & Traders' Ins. Co., 22 Am. Bankr. Rep. 649, 120 La. 441, 45 South. 384, 15 L. R. A. (N. S.) 827, 124 Am. St. Rep. 434. And hence the bankrupt estate is not liable for insurance premiums save only as to the amount that was due and owing at the time the trustee qualified in the bankruptcy proceedings.

I do not deem it necessary to discuss with great particularity the questions submitted for review for the reason that the referee in his able opinion on the principal points has fully and clearly set forth the facts and has also, as I believe, accurately applied the law.

The reports of the referee are affirmed, and the exceptions overruled.