REILLEY v. BUFFALO GERMAN INS. CO. et al.

(Supreme Court, Special Term, Erie County.   June 8, 1914.)

1. INSURANCE (§ 115*) — RECEIVERS IN BANKRUPTCY — INTEREST — INSURABLE INTEREST.

A receiver in bankruptcy appointed as authorized by Bankruptcy Act July 1, 1898, c. 541, § 2, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3418), to take charge of the property of the bankrupt after the filing of the petition in bankruptcy, and until the trustee has qualified, has an insurable interest in the property of the bankrupt, though he has no title thereto, since he is accountable to the trustee or to the bankrupt for the preservation of the property while in his custody.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 139–157, 177, Dec. Dig. § 115.*]

2. BANKRUPTCY (§§ 114, 188*)—INSURANCE BY RECEIVER IN BANKRUPTCY—RIGHTS OF PARTIES.

A fire policy, obtained by a receiver in bankruptcy on the property of the bankrupt who had personally covenanted to insure for the benefit of mortgagees, is a personal contract for the benefit of the receiver, to protect him from liability for failure to preserve the property while in his custody; but, where a loss occurs before the appointment of a trustee, the money paid on the policy stands in place of the realty, and is impressed with an equitable lien in favor of the mortgagees.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 164–166, 270, 286–289, 291–295; Dec. Dig. §§ 114, 188.*]

Action by William W. Reilley, as receiver in Bankruptcy of the Joseph Metz & Sons Company, against the Buffalo German Insurance Company and the Fidelity Trust Company. Motion for judgment on the pleadings denied.

Martin Clark, of Buffalo, for the motion.
Adon W. Crosby, of Buffalo, for Fidelity Trust Co.
Edward J. Garono, of Buffalo, for Buffalo German Ins. Co.

POUND, J.   Plaintiff was appointed receiver in bankruptcy of the corporation Joseph Metz & Sons Co., on the 16th day of July, 1913. As such receiver, he insured certain buildings situate on the property of the corporation against loss or damage by fire. On July 30, 1913, a loss by fire occurred. *Later in the same day Joseph Metz & Sons Co. was duly adjudged a bankrupt.* On September 10, 1913, plaintiff was appointed and qualified as trustee in bankruptcy thereof. The defendants are holders of mortgages which are liens upon the property insured.   Each mortgage contains the usual insurance clause.   The loss was adjusted and paid, and the amount is held to await final judgment in this action.   Plaintiff claims that he is entitled to the insurance moneys as trustee of Joseph Metz & Sons Co., for the benefit of the general creditors.   Defendants claim the same as their mortgage interest appears.   Plaintiff moves for judgment on the pleadings, which state the facts without material conflict.

[1] *Receivers* in bankruptcy are appointed for the preservation of estates, to take charge of the property of bankrupts after the filing of the petition and until it is dismissed or the trustee is qualified.   Bankruptcy Act, § 2.   They have an insurable interest in the property of the bankrupt, although they have no title thereto, because they are ac-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

countable to the trustee or to the bankrupt for the preservation of the property while it is in their custody, but the property rights are in the owner until the appointment and qualification of the trustee. Fuller v. Jameson, 98 App. Div. 53, 90 N. Y. Supp. 456, affirmed 184 N. Y. 605, 77 N. E. 1187.

The *trustee,* upon his appointment and qualification, is vested with the title of the bankrupt *as of the date he was adjudged a bankrupt.* Bankruptcy Law, § 70, subd. a.

At the time the insurance was obtained, and at the time the loss occurred, the title to the insured premises was in the bankrupt. The receiver, if in any sense a trustee, was a trustee for the bankrupt rather than for the creditors. Boonville National Bank v. Blakey, 107 Fed. 891, 47 C. C. A. 43, 6 Am. Bankr. Rep. 13.

[2] The insurance was therefore a personal contract for the benefit of the plaintiff, so far only as it protected him from liability to the bankrupt or its trustee for failure to exercise due care in preserving the property while it was in his custody. The rights of the plaintiff are, however, conceded, although he has sustained no personal loss, so far as the insurance companies are concerned. The insurance has been paid, and the only question is between the trustee and the mortgagees as to the distribution of the fund. To hold that the mere custodian of property by insuring his interest therein might, if a loss occurred, change the character of such property from real to personal would be inequitable. The damages recovered stand in his hands, not as personal assets, but as realty, the same as if the bankrupt had himself effected the insurance. The receiver holds the proceeds of the insurance, as he would the property, for the benefit of the bankrupt. The money received on the policies stands in the place of the property destroyed.

As the bankrupt had personally covenanted to insure for the benefit of the Fidelity Trust Company, and had assumed the obligation of his grantor to insure for the benefit of the Buffalo German Insurance Company, the moneys collected on the policies are impressed with an equitable lien in favor of said mortgagees.

Motion denied, with costs.