SMITH, Trustee, Respondent, v. SECURITY MUTUAL FIRE INSURANCE COMPANY of Chatfield, Minn., Appellant.

(158 N. W. 991.)

(File No. 3924.   Opinion filed July 29, 1916.   Rehearing denied August 31, 1916.)

**Insurance—Fire Insurance—Transfer of Title—Change of Possession, Effect on Insurance, Statutory Assignment, Materiality of.**

The owner of insured property assigned all his property for the benefit of creditors, the assignee taking immediate possession, which he held for about a month, when a third party was appointed receiver in bankruptcy of the estate of the original assignor and owner; said receiver taking possession and qualifying as such, and retaining possession until the property was destroyed by fire.   Plaintiff was appointed trustee in bankruptcy of said estate, after said receiver was appointed and before the date of the fire.   The fire policy contained a provision to the effect that it shall be void if the insured's interest be other than unconditional and sole ownership, or if any change, other than by death of the insured take place in the interest, title, or possession of the insured property.  **Held,** that, by the said first assignment and transfer of possession, the policy became void and unenforceable by the assignee in bankruptcy; the said transfer having divested the owner of his title and right to possession therein; and this whether said transfer constituted a statutory assignment for the benefit of creditors or not; since such assignee at least took and held the property as trustee subject to the rights of the assignors creditors.

Appeal from Circuit Court, Minnehaha County.   Hon. Joseph W. Jones, Judge.

Action by Hugh Smith, Trustee in Bankruptcy, against the Security Mutual Fire Insurance Company of Chatfield, Minn., a corporation, to recover on a fire insurance policy.   From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Reversed.

*Sam H. Wright,* for Appellant.

*Kirby & Kirby,* for Respondent.

Appellant cited: Retail Merchants Fire Insurance Company 137 N. W. Rep. 46, 42 L. R. A. (N. S.) 173; 29 S. D. 338, Sec. 2, Chap. 164, Laws of 1909.

Respondent cited: Fuller v. N. Y. Fire Ins. Co., 67 N. E. 879; Fuller v. Jameison, 90 N. Y., Supp. 456; May Insurance, Vol. 1, p. 558, Sec. 273a; Ramsey v. Phoenix Ins. Co. 2 Fed. 429; Gordon v. Merchants and Traders Ins. Co., 45 So. 384; Marcello v. Concordia Fire Ins. Co., 82 Atl. (Pa.) 1090; Secs. 2376-7, 2386, Civil Code; Walradt v. Phoenix Ins. Co. 32 N. E. 1063; Athens Mutual Ins. Co. v. Evans, 71 S. E. (Ga.) 892.

POLLEY, P. J.   This action was brought to recover on a fire insurance policy. The case has already been before this court upon an appeal from an order sustaining a demurrer to plaintiff's complaint. The order appealed from was affirmed (29 S. D. 328, 137 N. W. 46, Ann. Cas. 1914D, 930) and the case remanded to the trial court where the complaint was amended. Upon trial the plaintiff recovered judgment, and defendant appeals.

The policy involved was issued on the 14th day of September; 1909, to one M. A. Satter, who, on that date, was the owner of and in the actual possession of the property insured. On the 27th day of January, 1910, said Satter made, or attempted to make, an assignment of all of his property to one L. J. Walker, for the benefit of his creditors. Said Walker took immediate possession of said property, proceeded to make an invoice thereof, and retained possession of the same until the 24th day of February, 1910, when one J. F. Galbraith was appointed receiver in bankruptcy of the estate of the said Satter. Galbraith thereupon duly qualified as such receiver and took possession of the insured property from said Walker. He proceeded to invoice said property and retained possession thereof until the 6th day of June, 1910, when said property was destroyed by fire. On the 31st day of May, 1910, plaintiff was appointed trustee in bankruptcy of the estate of said Satter and, on the 9th day of June, 1910, qualified by filing bond as such trustee and entering upon the duties of such trust. The policy involved is a standard South Dakota fire insurance policy, and contains the following provisions:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if the inter-

est of the insured be other than unconditional and sole owner-ship; * * * or if any change, other than by the death of an in-sured, take place in the interest, title, or possession of the subject of insurance (except change of occupants without increase of hazard) whether by legal process or judgment or by voluntary act of the insured, or otherwise."

It is the contention of the defendant that, under the above provision contained in the policy, the transfer of the insured prop-erty from Satter to Walker as assignee and from Walker to Galbraith as receiver vitiated the policy, and that plaintiff is not entitled to recover thereon.

We may say at the outset that what was said by this court on the former appeal has no application to the questions involved on this appeal. The only question presented upon the former appeal was the sufficiency of the complaint; and the complaint made no reference whatever to the fact that the insured property had been through the hands of Walker as assignee and of Gal-braith as receiver before it came into the hands of the plaintiff and before he was appointed as such trustee. So that, while the appointment of a trustee in bankruptcy may not vitiate a policy where the insured property was destroyed before such trustee qualified or took possession of such property, it by no means necessarily follows that the policy would not be vitiated by such changes of possession as are shown to have taken place in this case before the appointment of the trustee.

One of the elements that is always taken into consideration by insurance companies in accepting risks and fixing rates is what is termed "moral hazard." This has reference to the character, standing, and integrity of the party who owns or is to have custody and control of the insured property. An insurance com-pany might accept a risk on certain property knowing or believ-ing it was to remain in the possession and under the control of a designated person while it would not be willing to accept the risk on the same property if it were owned or to be controlled by other parties; and it is to guard against just such contingencies as these that the above provisions were incorporated into the policy. Not only do the insurance companies recognize this as a proper element to be taken into consideration and guarded against in writing insurance policies, but the Legislature, in formulating

the standard policy, incorporated it into the law itself. Whether the provision is wise or unwise is not for the court to say. When the matter is properly presented, it is necessary only for the court to determine whether such provisions have been violated.

Plaintiff's contention is that, because he did not qualify and enter upon the duties of his trust until after the destruction of the insured property, the policy was not affected by his appointment; or, in other words, that the defendant became liable on the policy before he in fact became trustee, and that the right of recovery on the policy was one of the assets of the bankrupt estate that came into his hands upon his qualification as trustee. This proposition is fully supported by the following cases: Fuller v. Jameson et al., 98 App. Div. 53, 90 N. Y. Supp. 456; Gordon v. Ins. Co., 120 La. 441, 45 South, 384, 15 L. R. A. (N. S.) 827, 124 Am. St. Rep. 434, 14 Ann. Cas. 889; Fuller v. New York Fire Ins. Co., 184 Mass. 12, 67 N. E. 879. But in all these cases it is pointed out by the court that, at the time of the fire that destroyed the insured property, the receiver (or trustee) had not taken possession of the property and that the bankrupt was still in possession and control thereof; that, in fact, there had been no change in interest, title, or possession of the subject of insurance. Plaintiff also cites Marcello v. Ins. Co., 234 Pa. 31, 82 Atl. 1090, 39 L. R. A. (N. S.) 366. That case, however, involved the insurance of real property. A receiver in bankruptcy had been appointed. He took possession of the property and placed a watchman upon it and took out other insurance in his own name, but the bankrupt continued to reside upon the property just as he had before, and so did other occupants and tenants. There was no change in the use or occupancy of the insured property. The court said:

"The receiver having no possessory right, but being merely a caretaker, pending adjudication in bankruptcy, the plaintiff is entitled to judgment."

In this case there was a complete change of title, interest, and possession on the 27th day of January—more than three months before the appointment of the plaintiff as trustee or the destruction of the insured property. It may be, as claimed by respondent, that the transaction between Satter and Walker did not constitute a valid assignment under our statute for the benefit

of creditors; but Satter divested himself of title to the property and surrendered the absolute possession to Walker, and Walker proceeded to exercise possessory rights over the property. Whether he became an assignee under the statute is wholly immaterial. He at least took and held the property as trustee subject to the rights of Satter's creditors, and, until such creditors were satisfied, Satter had no title to the property nor the right of possession thereof.

What we believe to be the correct rule is annonced in Bronson v. N. Y. Fire Ins. Co., 64 W. Va. 494, 63 S. E. 283, 19 L. R. A. (N. S.) 643, 16 Ann. Cas. 868. In that case a receiver had been appointed and possession of the property taken before it was destroyed. The right of recovery was made to depend upon the question of actual possession at the time of the loss; and, in considering this question, the court say:

"By the appointment of the receiver and his taking actual possession of the property, the distilling company, which was in possession when the policy issued, was deprived of the possession. When an insurance company insures property for one person, it has inquired into his carefulness and character, and it trusts him to provide for the safety of his own property, while he has it in possession; but it does not trust everybody into whose hands it may come, whether he be receiver or not. The very thing against which that policy provided had taken place before the fire—a total change of possession. The distilling company no longer guarded the property. It was in the hands of one not moved by the same interest to care for the property as would be the distilling company when solvent and operating. Its interest had practically ceased. It was bankrupt."

See, also, Carey v. German American Ins. Co., 84 Wis. 80, 54 N. W. 18, 20 L. R. A. 267, 36 Am. St. Rep. 907.

In this case the actual possession was turned over to Walker, who seems to have had no interest whatever in the property, unless it might be that he was to receive, or expected to receive, a compensation for disposing of it and distributing the proceeds. He was not acting under the order or direction of any court. He had given no bond for the faithful performance of his duties as assignee. In fact he seems to have been a mere volunteer—answerable to no one. He was not the man the defendant knew

and trusted to provide for the safety of the property it had insured. In fact, when the property was turned over to him, the very contingency arose that was intended to be guarded against by the above provision in the policy; and, when that contingency arose, the policy became void, and the defendant was no longer liable thereon.

The judgment appealed from is reversed.