FULLER & JOHNSON v. THE PHŒNIX INS. CO.

SAME v. THE SPRINGFIELD FIRE AND MARINE INS. CO.

1. **Insurance**: PAROL TO VARY TERMS OF POLICY: WAIVER. While
   many conditions of an insurance policy may be waived by parol, it is
   not competent, under the guise of a parol waiver, to make a policy
   cover property other than that described therein, and owned by parties
   not named therein.

2. ———: CONSTRUCTION OF TERMS OF POLICY. Where the assured had
   goods of his own and of another in a warehouse, and the policy, after
   naming the goods, referred to them as "stored therein," but also pro-
   vided that "if the interest of the assured in the property be any other
   than the entire, unconditional and sole ownership of the property, for
   the use and benefit of the assured, * * * * * it must be so repre-
   sented to the company, and so expressed in the written part of this
   policy; otherwise the policy shall be void," and it was not so expressed
   in the policy, *held* that the policy did not cover any of the goods except
   those owned by the assured, and that the words "stored therein" had no
   other effect than to designate the location of the insured property.

*Appeals from Worth Circuit Court.*

THURSDAY, JUNE 14.

THESE actions are founded upon policies of insurance against
loss by fire. The policies are alike in all material respects,
and the cases present the same questions, and were submitted
upon the same arguments, with the agreement that the de-
cision in this court of one case shall determine the other.
The petitions claimed to recover under the policies for the loss
by fire of certain personal property owned by the plaintiffs.
There were demurrers to the petitions, which were sustained.
Plaintiffs appeal. The facts appear in the opinion.

*L. S. Butler* and *J. D. Gurnee*, for appellants.

*Blythe* and *Markley* and *Schermerhorn & Wheeler*, for
appellees.

ROTHROCK, J.—I. For convenience of statement in the

discussion of the questions involved, the two cases will ·be considered as one. The petition states, in sub-stance, that one Ashem owned or controlled a warehouse, in which he was employed in the busi-ness of handling, storing and selling agricultural implements on commission for the plaintiffs, and that he also had certain agricultural implements of his own in the said warehouse, and that, by virtue of a contract with the plaintiffs, Ashem was to have the goods belonging to the plaintiffs insured, and in pursuance of said contract Ashem applied to the duly authorized agent of the defendant for his insurance upon the goods of the plaintiffs, as well as upon the goods owned by him in his own right. That defendant, by its agent, had full knowledge of the agreement between plaintiffs and Ashem that the goods should be insured by the latter, and that the defendant, by its agent, orally agreed that it would become the insurer to Ashem for the benefit of the plaintiffs on the goods and property belonging to the plaintiffs as aforesaid, as well as upon the goods owned by Ashem in his own right, and that the policy of·insurance issued by the defendant was executed and delivered in pursuance of such understanding and agreement. It is stated in the policy that the defendant insures "L. W. Ashem, of Northwood, Iowa, against loss or damage by fire, to the amount of $1,500, as follows:"

1. INSUR-ANCE: parol to vary terms of policy: waiver.

. "$600.00—On two and one-half story frame, shingle roof building, occupied by the assured as an agricultural imple-ment warehouse and office, situated on south side of Main street, Northwood, Iowa.

"$700.00—On agricultural implements, consisting of har-vesters, mowers, sulkey rakes, plows, machinery extras, bind-ing wire, pumps, and such other articles usually kept in a re-tail stock of agricultural implements, and stored therein.

"50.00—On two horses (being $25.00 on each), in base-ment of said building.

"$125.00—On top buggy, open buggy, and harness therein.

"$25.00—On office furniture, including fire-proof safe therein."

The plaintiffs are not named in the policy, either as beneficiaries, or as owners of the property, or otherwise. The policy, among other provisions, contains the following: "If the interest of the insured in the property, whether as owner, trustee, consignee, factor, agent, mortgagee, lessee or otherwise, be not truly stated in this policy, * * * * the policy shall be void." And it is further provided in the policy that "if the interest of the assured in the property be any other than the entire, unconditional and sole ownership of the property for the use and benefit of the assured, or if the building insured stands upon leased ground, it must be so represented to the company, and so expressed in the written part of this policy; otherwise, the policy shall be void." And there is this further provision in the policy: "The use of general terms, or anything less than a distinct, specific agreement, clearly expressed and indorsed on this policy, shall not be construed as a waiver of any printed or written condition or restrictive term." After the property in the warehouse was destroyed by fire, the defendant paid Ashem for that part owned by him, and upon a refusal to pay for the loss sustained by plaintiffs in the destruction of their property, this action was brought. It is contended by counsel for appellants that Ashem had an insurable interest in the property of the plaintiffs. This proposition may be conceded for the purposes of this case. We do not think it is material whether he had an insurable interest or not, because the fact remains that, according to the terms of this policy, he insured no property but his own. And in order to include the property of the plaintiffs in the policy, it is necessary to show that it was included, either by proof of a waiver of the conditions of the policy, or by proof that a different contract was actually made than that which is expressed in the policy. There are many adjudged cases which hold that certain conditions of a policy of insurance may be waived by

parol. These cases include such provisions as the time of the payment of premiums, the production of proofs of loss, the breach of any condition in the policy, as against the increase of risk, or the keeping of hazardous goods, or the like. See cases cited in Wood on Insurance, 832. In this court it has been held that an increase of risk may be waived by an agent by parol. *Viele v. Germania Ins. Co.*, 26 Iowa, 9. That the time for the payment of the premium may be waived. *Young & Co. v. Hartford Ins. Co.*, 45 Ib., 377. Other cases of waiver of conditions in policies need not be stated. In the case at bar, we are asked to go a step further than any case to which our attention has been called, and hold that the conditions of a policy as to the subject of the insurance, the property insured, and the ownership thereof, may be waived by parol. In other words, we are called upon to allow the plaintiffs to maintain an action upon a policy in which they are not named, and which, by its very terms, excludes all property except such as was owned by Ashem in his own right. The counsel cite the case of *Shaw v. The Aetna Ins. Co.*, 49 Mo., 578, as being strongly in point in their favor. In that case, the plaintiffs shipped some ice to S. & R. to be sold on commission, and directed the latter to insure it. S. & R. took out a policy in their own names, without indicating the plaintiffs' interest therein, and it was held that the plaintiffs could recover. In that case there was no question about the subject of insurance. There was no mingling of the property of the assured and that of another person, as in the case at bar. We are also cited to the case of *Anson v. Winneshiek Ins. Co.*, 23 Iowa, 84. In that case, Jane Anson, deceased, owned certain real estate. She was the wife of Milo Anson, and the mother of the other plaintiffs. The agent of the company knew that Jane Anson was dead at the time the policy was issued, and told the plaintiff that the property would have to be insured in her name, by plaintiff, as her agent. It was held that the policy was not void, and that issuing the policy in the name of Jane Anson would not

defeat a recovery by the plaintiffs, who were her heirs. Here, again, no claim was made that the policy could be made to cover other property than that described in the policy. It was held that, as the company, by its agent, advised that the policy be written in the name of a person who was dead, it should be estopped from setting up her death as a reason for avoiding the policy.

In *Webster v. Manhattan Ins. Co.*, 59 Pa. St., 227, where a policy of insurance was issued to the plaintiff, one of two partners, upon property of the firm, and it appeared in proof that the agent of the company was informed that the property was owned by the partnership, it was held that the company was liable for the full value of the property. That was a case in which the ownership of the insured was a joint ownership in all the property. In *Peoria Ins. Co. v. Hall*, 12 Mich., 202, a contrary rule was adopted. It seems to us that what is sought by the plaintiffs in this case is that they be allowed, under the guise of a waiver of the conditions of the policy, not only to make it cover other property than that described therein, but to make it apply to property owned by parties not named in the policy. This appears to us to be a plain violation of the rule that a written contract cannot be varied by any parol contemporaneous agreement.

II. It is further contended that this action can be maintained, because the policy actually covered and included the goods in question as being goods in store in the warehouse. The clause of the policy under which this claim is made is as follows: "$700 on agricultural implements, consisting of harvesters, mowers, sulkey rakes, plows, machinery extras, binding wire, pumps, and such other articles usually kept in a ratail stock of agricultural implements, and *stored therein*. The words "stored therein," which we have italicized, plainly refer to the *warehouse and office* mentioned in the preceding clause of the policy. The claim of counsel is that *in store in the warehouse* must be held to include goods deposited therein by

2. ———: construction of terms of policy.

others. But here, again, we are met by the positive pro-visions of the policy, that goods held by any other right than that of absolute ownership are not covered by the policy, unless specifically mentioned. And the claim that the words "*stored therein*" describe property other than that owned by, the plaintiff does not appear to us to be well founded. Taking the whole description of the property together, these words are evidently used for the purpose of fixing the location of the insured property, and they mean the same as if the words "kept therein" had been employed, instead of "stored therein." We think the demurrer of the petition was correctly sustained.

AFFIRMED.