SMITH, Appellant, v. SECURITY MUTUAL FIRE INS. CO., Respondent.

(137 N. W. 46.)

**Insurance—Fire Insurance—Assignment of Insured Property—Complaint.**

> A complaint on a fire insurance policy providing that the policy should be void "if any change other than by death of the insured takes place in the interest, title, or possession"

of the property insured, "whether by legal process" or otherwise, alleged that plaintiff had, prior to the fire, been appointed trustee in bankruptcy of insured, under the federal bankruptcy law, under proceedings in involuntary bankruptcy, that prior to this suit on the policy, but whether before or after the fire is not shown, plaintiff filed bond and qualified as such trustee; **held**, that, it not appearing that plaintiff had not yet so qualified at time of fire, the policy was voided by the bankruptcy proceedings, and the complaint failed to state a cause of action.

(Opinion filed, June 25, 1912.)

Appeal from Circuit Court, Minnehaha County.  Hon. JOSEPH W. JONES, Judge.

Action by Hugh Smith, trustee in involuntary bankruptcy, against the Security Mutual Fire Insurance Company, on a fire insurance policy running to one Satter, the bankrupt.  From an order sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

*Joe Kirby,* for Appellant.

The very policy in question provides that it shall be void in a great many contingencies, some of which are bound to exist in almost every case.  Not satisfied but what some eccentric judge might discover that any of these statutory limitations were the subject of waiver, or might be met by a plea of estoppel on the part of the insured to the effect that the company and its agents were fully cognizant, or even produced the very conditions on account of which the company were seeking to escape liability, the Legislature provided—

"No officer or agent or other representative of the company shall have power to waive any provision or condition of this policy * * * unless such waiver should be written upon or attached thereto."

Not satisfied even with the above, the Legislature continued—

"Nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

Section 1 of the Bill of Rights of our Constitution declares that our people have certain inherent rights "among which are

those of enjoying and defending life and liberty; of acquiring and protecting property; and the pursuit of happiness."

It would seem to me that this chapter (164 Laws of 1909) clearly infringes upon this constitutional provision. To say that an American citizen cannot contract with regard to his property as he may see fit, where the contract affects none but the parties thereto, is to deprive him of his property. If part of his rights can thus be taken away I do not know where any limitation is to be found. Boyd v. U. S. 116 U. S. 616-35.

*Sam H. Wright,* for Respondent.

(See, points and authorities cited on behalf of respondent in case of Smith et al., appellant, versus Retail Merchants' Fire Insurance Company, respondent, 29 S. D. 332, where respondent's counsel makes and cites identical points and authorities as are made in the case at bar.)

WHITING, J. This cause is before us upon an appeal from the order of the circuit court sustaining a demurrer to plaintiff's complaint. The action is one brought for the purpose of recovering under a policy of fire insurance, and the facts are set forth in said complaint as follows: One S., being the owner of a stock of goods, did on September 14, 1909, insure the same in defendanant company, the policy of insurance being the standard form provided by the laws of this state. Under the policy, the property was insured against loss from fire or lightning until September 14, 1910. On June 6, 1910, the stock of goods was totally destroyed, resulting in a loss exceeding the amount of said policy. Prior to said fire, and on May 31, 1910, the plaintiff was appointed trustee in bankruptcy of said S. by the federal District Court under proceedings in involuntary bankruptcy. Prior to the bringing of this action, but whether before or after the destruction of the goods by fire is not shown, plaintiff filed his bond, and qualified as such trustee in bankruptcy. Plaintiff gave notice of loss, and did all things required under such policy as conditions precedent to the recovery of said insurance. The policy contained a provision that it should be rendered void, "if any change other than by the death of the insured take place in the

interest, title or possession of the subject of insurance whether by legal process or by judgment or by voluntary act of the insured or otherwise." It is the contention of the respondent that, under such provision, the policy was rendered void by the said bankruptcy proceedings and the appointment and qualification of a trustee thereunder, and in this we think the respondent is correct.

Appellant, in his brief filed in this court, has made a general attack upon the constitutionality of our standard policy law, but has failed to call to our attention any particular provisions therein which render the same unconstitutional. We are at a loss to understand appellant's position, as we cannot see wherein it would avail the appellant anything if said statute were held to be unconstitutional. If the appellant were claiming under and by virtue of some provision in such policy, which provision conflicted with the said law, and which provision could be held to be in force only by holding such law to be invalid, the situation would be entirely different. But, if such law is invalid, yet the policy before us would be the contract of the parties thereto, and the provisions of such contract would be binding upon the parties, providing they were not of a nature as to render them invalid under some established principle of law or equity. The effect of a clause, such as the one quoted above, has been frequently passed upon by the courts of our sister states; such clause being one quite common in the policies used throughout the Union, and one which has been construed in several cases wherein the insured had been adjudged a bankrupt, and, as in this case, a trustee in bankruptcy was seeking to recover upon the policy. The authorities are collated in the notes following the case of Gordon v. Mechanicsville, etc., Insurance Co., 14 Ann. Cas. 889. A review of these decisions discloses that, according to the apparent weight of authority, if in the bankruptcy proceedings a receiver has been appointed but no trustee has been appointed at the time of the fire, the policy remains in full force; and, even where there has been a trustee appointed, but he has not as yet qualified at the time of the fire, the policy still remains in force. It will be noted that, under the facts in those cases, the title to the property had not at the time of fire passed out of the insured, as such title

would not pass to a mere receiver, nor would it pass even to a trustee until he had qualified as such. It is, however, uniformly held, as appears from the authorities cited in such notes and we do not know any holding to the contrary, that, under a provision such as the one found in the policy before us, if, prior to a loss thereunder, a trustee in bankruptcy has qualified and thus received title to the goods, the policy becomes void, unless there had been an agreement to such transfer of title or unless there was some statute providing that such provisions in insurance policies should not apply to transfers to trustees in bankruptcy. It not appearing that plaintiff had not yet qualified as trustee at the time of the fire, under all the authorities the complaint failed to state facts sufficient to constitute a cause of action.,

The order of the trial court is affirmed.