SMITH, et al., Appellant, v. RETAIL MERCHANTS' FIRE INS. C., Respondent.

(137 N. W. 47.)

1. **Insurance—Fire Insurance—Assignment of Policy—Trusteeship —Complaint.**

Where a fire insurance policy provided that it should be void if insured's interest be other than unconditional owner-ship, or if any change, other than by death of insured, take place in the interest, title or possession of the property insured, whether by legal process or otherwise; and plaintiff was appointed and qualified as trustee in bankruptcy of insured; held, a demurrer to complaint setting up these facts, as not stating a cause of action on the policy, was not error.

2. **Insurance—Fire Policy—Assignment of Policy—Demurrer to Complaint.**

Where a fire insurance policy provided that it should be void if insured's interest be other than unconditional owner-ship, or if any change, other than by death of insured, take place in the interest, title or possession of the property insured, and the insurer consented to the assignment of insured's interest as owner of the property to plaintiff inter-venor; held, that an assignment to plaintiff in trust for a bank to whom insured was indebted, rendered the policy void, that an assignment of the policy created a new contract between assignee and insurer subject to all original terms of

the policy, and the complaint on the policy setting up the facts as to assignment was demurrable.

(Opinion filed, June 25, 1912.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by Hugh Smith, assignee in bankruptcy of one Satter, the insured, and by L. J. Walker, plaintiff as intervenor, as assignee of the property insured, upon a policy of fire insurance, against the Retail Merchants' Fire Insurance Company. From a judgment for defendant upon demurrer to the complaint, plaintiffs appeal. Affirmed.

*Joe Kirby,* for Appellant, Smith.

I think it clearly appears from the intervenor's brief that the court erred in holding that the complaint of intervention did not state facts sufficient to constitute a cause of action, and I refer you to such brief and argument therein contained. However, the court likewise erred in sustaining the demurrer to the plaintiff's complaint, but should have overruled the same and then rendered judgment, determining the rights of the respective plaintiff and intervenor.

It appears from the complaint of intervention (17) that the assignment of a stock of goods and the policy in question was made within four months of the time Mr. Satter was adjudged a bankrupt; that the assignment to the intervenor was to secure an antecedent indebtedness owing to the Bank of Carthage; that such assignment was accordingly void against the rights of the trustee.

It does not seem that an extended argument is required to say that the court in determining the rights of the respective parties to the money in question should adjudge that it be paid over to the plaintiff, Mr. Smith.

*F. L. Rowland,* for Appellant in Intervention.

The complaint shows the issuance of the policy to Mr. Satter, the assignment of the stock and policy to the intervenor, the consent to such assignment by the company, the loss of the property and notice thereof. Why does not this state a cause of action? However on the trial of the case it was urged, and I believe the court sustained the demur on the ground that the policy provided

that the company should not be liable if "interest_ of the insured be other than unconditional and sole ownership" and that intervenor did not come within this class. The policy in question was a form provided by Chapter 164, Laws of 1909, and contains the words above stated. Was Mr. Walker such owner within the meaning of this law? Sec. 182, Civil Code; Sec. 195, Civil Code; Sec. 197, Civil Code.

Thus our code defines ownership, absolute and sole, but does not define unconditional. However, I take it to be a word of lesser import than the word, "absolute." Was not Mr. Walker, under the complaint the absolute owner of the property?

While these words "unconditional and sole ownership" do not appear in our code, they are quite common in insurance law. A vendee in possession under an executory contract of purchase is held to be an unconditional and sole owner. Rumsey v. Ins. Co., 1 Fed. 396.

The interest of a mortgagor in realty before foreclosure is unconstitutional and sole-ownership. Wolf v. Theresa, 91 N. W. 1014.

A provision in a policy to the effect that the insured is the unconditional and sole owner of the property has reference only to the quality of the plaintiff's title, not to liens. Am. Stamping Co. v. Ins. Co., 20 N. Y. Sup. 646; Kenton Is. Co. v. Wigginton, 12 S. W. 668.

For quite a complete discussion on the meaning of these words see, "I May on Insurance," (4th Ed.) Sec. 287b.

The fact that Walker may have to account to others for the proceeds, or that he may have at some future time to account to Mr. Satter for a residuary interest is no limitation whatever on his absolute dominion and power of disposal of such property.

Generally speaking, insurance is a personal contract and therefore the assignment of the policy to Mr. Walker would take precedence over the right of plaintiff, Mr. Smith, who subsequently became trustee under the bankruptcy act.

The following cases have some bearing on the question, which we discuss: Hubbard & Spencer v. Ins. Co., 33 Ia. 325; Ellis v. Ins. Co., 32 Fed. 646; Friesen v. Ins. Co., 30 Fed. 352;

Miller v. Ins. Co., 7 Fed. 649; Stevenson v. Ins. Co., (26 U. C. F. Rep. 148).

*Sam H. Wright,* for Respondent.

A contract of insurance is a personal contract and does not attach to, or run with the land in the case of insurance on real property, nor with a chattel in insurance of personality. Cummings v. Ins. Co., 55 N. H. 457; Carpenter v. Ins. Co., 16 Pet. 495, 10 L. Ed. 1044; Northern Trust Company v. Snyder, 76 Fed. 34; Lindey v. Orr, 83 Ill. App. 70; Cook v. Kentucky Growers Ins. Co., 72 S. W. 764; Adams v. Rockingham Mutual Fire Ins. Co., 29 Me. 292; William Skinner & Sons, Shipbuilding and D. D. Co. v. Houghton, 48 Atl. 85, 84 Am. St. Rep. 485; Disbrow v. Jones, Har. (Mich.) 48; Hills v. Niagara Fire Ins. Co., 53 N. W. 727; Lahaiff v. Ashuelot Ins. Co., 60 N. H. 75; Etna Fire Ins. Co. v. Tyler, 30 Am. Dec. 90; Wyman v. Wyman, 26 N. Y. 253; Lett v. Guardian Ins. Co., 125 N. Y. 82, 25 N. E. 1088; Hubbard v. Austin, 8 Ohio, Dec. 111; Hartford Fire Ins. Co. v. Ransom, 61 S. W. 144; Davis v. Phoenix Co., 43 Pac. 1115; Whitehouse v. Cargill, 34 Atl. 276, Vol. 1 Briefs on Law of Insurance, by Cooley, p. 83.

An assignment of a policy of insurance with the consent of the company to a purchaser of the interest of the insured, even when voluntary, constitutes a new contract with the assignee and company, the terms of the policy constituting the basis of the new contract.

Therefore, since Smith was not the sole and unconditional owner of the property insured as stipulated in the policy of insurance, the policy is absolutely void. Spare v. Home Mutl. Ins. Co., (CC.) 17 Fed. 568; (In re Hamilton) D. C., 102 Fed. 683 (Va.); Carolina Chemical Co. v. Sundray Ins. Co.s., (C. C.) 108 451; Manchester Fire Assur. Co. v. Glenn, 41 N. E. 847; Simeral v. Dubuque Mutual Fire Ins. Co., 18 Iowa, 319; Bullman v. North British & Merc. Ins. Co., 34 N. E. 169; New England Loan & Trust Co. v. Kenneally, 57 N. W. 759; Kase v. Hartford Fire Ins. Co., 32 Atl. 1057; Hayes v. Saratoga and W. Fire Ins. Co., (N. Y.), 71 N. E. 1131; Imperial Fire Ins. Co. v. Dunham, 2 Am. St. Rep. 686.

And it is a general rule of law universally held that an assignment for creditors, and proceedings in insolvency or bankruptcy in which an assignment for the benefit of creditors is had, is such an alienation, transfer, or change of title within the meaning of the policy, and will absolutely avoid it for the reason as hereinbefore stated. A contract of insurance is a personal one, based upon the character, credit and conduct of all the parties, therefore, any change of title by operation of law or otherwise without the consent of the insurance company, renders the policy absolutely null and void. This contention becomes especially important by reason of the bankruptcy of Satter and the appointment of Smith as trustee, prior to the fire. Dadmun Mfg. Co. v. Worcester Mut. Fire Ins. Co., 11 Metc. (Mass.) 429; Young v. Eagle Fire Ins. Co., 14 Gray (Mass.) 150, 74 Am. Dec. 673; Orr v. Hanover Fire Ins. Co., 158 Ill. 149, 41 N. E. 854, 49 Am. St. Rep. 146; Little v. Eureka Ins. Co., 4 Am. Law, Rec. 228; Ohio Farmers Ins. Co. v. Waters, 61 N. E. 711; Campbell v. German Ins. Co., 31 S. W. 310, a change of title or interest; Guenzburger v. Home Ins. Co. of N. Y., 4 Ohio, Dec. 220, 3 Ohio N. P. 140; Milwaukee Trust Co. v. Lansachier Ins. Co., 70 N. W. 81. A transfer to a trustee in bankruptcy proceedings, where voluntary or involuntary, is such a transfer as will forfeit the insurance, in re West Norfolk Lumber Co., 7 Am. Bankruptcy Reps. 648, in re Hamilton, (D. C.) 102 Fed. 683; Starkweather v. Cleveland Ins. Co., 22 Fed. Cas. 1093, reversing 22 Fed. Cas. 1091; Dean v. Equitable Fire Ins. Co., 7 Fed. Cas. 301; Adams v. Rockingham Mutual Fire Ins. Co., 29 Maine, 291; Perry v. Lorillard Fire Ins. Co., 61 N. Y. 214, 19 Am. Rep. 272.

(On appeal of Walker, Intervenor).

The assignment of Satter to Walker and the consent of the insurance company to Walker, were to all intents and purposes, that Walker was the actual and unqualified owner of the property covered by the policy. Had the quality of Walker's ownership been as contemplated in the assignment and its acceptance, no question could arise as to the liability of the defendant company to make good its loss, but that is not the situation presented by this record.

The respondent, by issuing its policy to Satter, manifested its willingness to insure his property—not that of some one else nor a qualified interest. It follows that the defendant had not only sufficient confidence in Satter to assume the general risks incident, but the moral hazard as well. And that the moral hazard is an integral, if not a predominant one in writing fire risks is so elemental that I should not cite authority in its support. Then going a step further, what do we find? The assignment to the appellant Walker is to him individually not as trustee, nor along any lines than that he, Walker—Walker as Walker, not as a stakeholder or representative of the bank, but as L. J. Walker, himself, as the transferee. In his complaint Walker says he was cashier of the State Bank of Carthage at the time of the assignment. (Par. 3, Comp. Folio 16, Ab.). Mr. Walker standing so high as to be cashier of a bank in his town, was it not most natural that the respondent would never for a moment think that the moral hazard was increased?

But, was Walker the absolute and unqualified owner of the stock of merchandise? The statutory contract of insurance answers this question, and repetition can add no emphasis. We stood good for Walker as the individual and unqualified owner, not only according to the letter and spirit of our original contract, but the assignment made to him by Satter and accepted by us, but not as a qualified owner.

In this case I failed to give the double citation of West Norfolk Lumber Co., 7 Am. Bankruptcy Reports, 648, having omitted 112 Fed. Rep. 759, which I now add. I also failed in my briefs to cite sections 60 and 70 of the Bankruptcy Acts, the first of which refers to the unlawful preference as applicable to the appeal of the intervenor, and the latter to the effect that the trustee upon his appointment and qualification became vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt. · See Collier on bankruptcy, eighth edition, (1910), which shows the last amendment to the Bankruptcy Acts; and since the assignment to the intervenor Walker was dated January 27, 1910, and the trustee was ap-

pointed May 31, 1910, it follows as a legal deduction that Satter was declared a bankrupt within less than four months after making the assignment and therefore since he was insolvent, said assignment was void as to creditors, the complaint in intervention showing the secured debt to have been an existing one at the time the assignment was made.    Abstract, pages 6-7.

McCOY, P. J.    The complaint of plaintiff, in so far as is material to a consideration of the question presented on this appeal are concerned, in substance, states that on the 25th day of September, 1909, defendant issued to one Satter a certain policy of fire insurance for $1,000 upon a certain stock of merchandise then owned by Satter at Carthage, S. D., and thereby insured said merchandise against loss by fire for the period of one year; that on May 31, 1910, said Satter was adjudged an involuntary bankrupt, and plaintiff appointed and qualified as trustee in said bankruptcy proceedings; that on the 6th day of June, 1910, said stock of merchandise was wholly destroyed by fire.    Thereafter plaintiff, as said trustee in bankruptcy, commenced this action to recover upon said policy for the benefit of the creditors of said Satter.    [1] defendant demurred to said complaint upon the ground that the same failed to state facts sufficient to constitute a cause of action against defendant.    The said demurrer was sustained, and plaintiff appealed, and now urges said ruling of the court as error.    We are of the opinion that the demurrer was properly sustained.    Smith v. Security Mutual Fire Ins. Co., 137 N. W. 46, decided by this court involving a similar complaint by the same plaintiff upon another policy issued by another company upon the same stock of merchandise.

[2] The intervener, by his complaint in intervention, in substance, states that on the 25th day of September, 1909, defendant issued to said Satter said policy of fire insurance for $1,000 on said stock of merchandise then owned by Satter at Carthage, and thereby insured the same against loss by fire for the period of one year; that on January 27, 1910, Satter, being indebted to the State Bank of Carthage, assigned said stock of merchandise to the intervener, L. J. Walker, cashier of said bank, as security for

the said indebtedness, and also assigned to said Walker said insurance policy by words as follows: "The interest of M. A. Satter as owner of property covered by this policy is hereby assigned to L. J. Walker, subject to the consent of the Retail Merchants' Fire Insurance Company of South Dakota." The consent of defendant indorsed upon said policy is also in words as follows: "The Retail Merchants' Fire Insurance Company of South Dakota hereby consents that the interest of M. A. Satter as owner of the property covered by this policy be assigned to L. J. Walker." On the 6th day of June, 1910, the said stock of merchandise was wholly destroyed by fire. Intervener, as said assignee of said policy, sought by said complaint in intervention to recover of defendant the sum of $1,000 by reason of the said destruction of said merchandise by fire. Defendant interposed a demurrer to said complaint in intervention on the ground that the same failed to state facts sufficient to constitute a cause of action against defendant. The demurrer was sustained, and intervener also appeals to this court, urging the sustaining of said demurrer as error. We are of the opinion that this demurer was also properly sustained. The policy sued upon is the South Dakota standard. form prescribed by section 2, c. 164, Laws 1909, which, among others, contains two clauses we deem material to the issues involved in this case, either of which, by the terms of said policy, rendered the same void: (1) "If the interest of the insured be other than unconditional ownership"; (2) "if any change, other than by the death of the insured, take place in the interest, title or possession of the subject of insurance, whether by legal process or judgment or by the voluntary act of the insured or otherwise." Provisions of this character are generally construed to be valid and proper subjects of fire insurance contracts. The assignment of a fire insurance policy with the consent of the insurer has the effect of creating a new contract between the assignee and the insurer subject to all the original terms of the policy. 19 Cyc. 635. Ostrander, Fire Ins. p. 23. The assignment to Walker, not as trustee for the bank, but to Waker in his own individual capacity, would seem to contemplate him as the owner of the property insured in his own right, when, as shown by the complaint, he was

not owner, but was in truth and in fact a trustee for the bank, who was not the owner, but only had a lien thereon as security for a debt. There is nothing in the complaint of intervener that would indicate that defendant had any knowledge that Walker was such a trustee, or any knowledge that Walker had any other or different title or interest than that of absolute ownership. By the very terms of the assignment itself Walker was assigned "the interest of M. A. Satter as owner of the property covered by this policy," which was the interest of unconditional ownership. What interest Walker in fact had was very material to defendant, and of which it had the right to be truly informed. One who insures property as owner in case of loss cannot recover under such policy for property held by him as trustee, in the absence of some special provision therefor in the policy. 19 Cyc. 669-696; Corkery v. Security F. Ins. Co., 99 Iowa, 382, 68 N. W. 792; Fuller v. Phœnix Ins. Co., 61 Iowa, 350, 16 N. W. 273; McCormick v. Springfield F. & M. Ins. Co., 66 Cal. 361, 5 Pac. 617; Milling Co. v. Insurance Co., 25 Mo. App. 259; Bradley v. Insurance Co., 90 Mo. App. 369. The assignment of said stock of merchandise to the Bank of Carthage, without the consent of defendant, had the effect of changing the interest and title of the subject of insurance so as to render the policy void. When Satter assigned the policy to Walker by an unqualified assignment, and when defendant consented to an unqualified assignment only, Satter ceased to have any interest in said policy so far as defendant was concerned; and, the fact of having made an unqualified assignment of the interest of Satter as absolute owner, when Walker was as a matter of fact not the owner of the insured property at all, rendered the contract of insurance as between Walker and defendant void. Satter parted with his interest in the policy by the assignment to Walker, and Walker took his place in the contract. At the time of the appointment of plaintiff as trustee in bankruptcy, Satter had no interest in the insurance policy to go to plaintiff as trustee, unless the provisions of the federal bankruptcy act rendered the assignment to Walker void because made within four months of the adjudication of Satter as a bankrupt. It is not every transfer or incumbrance

made by a person within four months of the time when such person becomes an adjudicated bankrupt that is void. Section 67, Bankr. Act. (Act July 1, 1898, c. 541, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449]). There are no facts alleged in either the complaint of plaintiff or intervener that would render the said assignment to Walker void under the bankruptcy laws.

The orders and judgments appealed from are affirmed.