SMITH, Appellant v. RETAIL MERCHANTS' FIRE INSUR-ANCE COMPANY of South Dakota, Respondent.

(158 N. W. 780.)

(File No. 3942.   Opinion filed July 10, 1916.)

**1.  Appeals—Second Appeal—No New Record—Law of Case.**

Upon a second appeal to Supreme Court, held, that, there being nothing of record now before the Court, that was not before it on the former appeal, the former decision became the law of the case.

**2.  Appeals—Bankruptcy—Action on Fire Policy—Assignment of Policy, in Trust—Necessity of Showing Assignment Void.**

Where the insured, under a fire policy, assigned the policy to the cashier of a bank, as security for his indebtedness to the bank, and the insurance company consented that insured's interest in the property insured covered by the policy, might be assigned to said cashier, held, that, nothing appearing in the stipulation of facts on the appeal tending to show that defendant insurance company, when it consented to such assignment, knew, or had any knowledge that such assignee was

acting in any other capacity than for himself, the policy did not pass to the trustee in bankruptcy of the insured's estate, the legal interest therein being in the said assignee cashier; and this although said assignment of the policy was made within four months of the adjudication in bankruptcy; and the assignee in bankruptcy cannot recover on the policy, without a showing of facts rendering void the assignment of the policy.

Appeal from Circuit Court, Minnehaha County. HON. JOSEPH W. JONES, Judge.

Action by Hugh Smith, trustee, against the Retail Merchants Fire Insurance Co. of South Dakota, from a judgment for Defendant. Plaintiff appeals. Affirmed.

See, for former decision, 29 S. D. 332, 137 N. W. 47.

*Kirby & Kirby,* for Appellant.

*Sam. H. Wright,* for Respondent.

(1) To point one of the opinion, Respondent cited: Coplan v. Eastwood, 145 N. W. 431.

McCOY, J. [1, 2] This is the second time this case has been before this court. The former opinion will be found in 29 S. D. 332, 137 N. W. 47, 42 L. R. A. (N. S.) 173. That decision became the law of this case. There is nothing now before the court, so far as shown by the record, that was not before the court then. In the former decision it was said:

"It is not every transfer or incumbrance by a person within four months of the time when such person becomes an adjudicated bankrupt that is void. There are no facts alleged in either the complaint of plaintiff or intervener that would render the said assignment to Walker void under the bankruptcy laws."

The same situation still exists. This is the only proposition left open for future inquiry by the former decision. There is nothing in the stipulated facts on this appeal tending to show that defendant, at the time it consented to the assignment of the policy to Walker, knew or had any knowledge that Walker was acting in any other capacity than for himself. The policy having been assigned to Walker, that created a new contract of insurance between Walker and the insurance company defendant. This policy of insurance could not pass to the trustee as a part of the bankrupt's estate, the legal interest therein, if any, being in Walker, in the absence of a showing that the assignment of the

policy to Walker was void under the bankruptcy law.

The judgment appealed from is affirmed.