MIDWEST STATE BANK OF SIOUX CITY, Appellant, v.
GEHAN, Respondent.

(205 N. W. 317.)

(File No. 5397.    Opinion filed October 2, 1925.)

Bills and Notes—Verdict—Evidence—Consideration—Defendant's Tes-
timony Held Sufficient to Sustain Verdict for Him on Issue of
Want of Consideration.

Defendant's testimony held sufficient to overcome presump-
tion of consideration, arising from execution and indorsement
of notes sued on, and sustain verdict for him, his veracity
being fundamental question before jury.

Appeal from Circuit Court, Jerauld County; Hon. Frank B.
Smith, Judge.

Action by the Midwest State Bank of Sioux City, Iowa,
against J. C. Gehan.  From a judgment for defendant and order
denying new trial, plaintiff appeals.  Affirmed.

*J. H. Lammers,* of Wessington Springs, and *E. E. Wagner,*
of Sioux City, Iowa, for Appellant.

*Charles R. Hatch,* of Wessington Springs, and *Null & Royhl,*
of Huron, for Respondent.

GATES, J.  This action was brought upon a promissory note
executed by defendant and one Carbaugh to plaintiff, dated August
6, 1920, for $10,068.69, and upon a promissory note executed by
Bern-Gehan Company to plaintiff, dated July 7, 1920, for $5,384,
and indorsed by defendant.  In so far as this appeal is concerned,
the sole defense was a want of consideration.  The jury found for
defendant on both causes of action.  From the judgment rendered
pursuant thereto and from an order denying new trial, plaintiff
appeals.

The evidence tends to show that in February, 1920, respon-
dent and his brother, J. S. Gehan, together with Bern and Car-
baugh, met at the appellant bank, and after a consultation with
A. W. Smith, vice president of appellant, the respondent furnished
his brother with $1,250 and Carbaugh furnished Bern with $1,250
to enable them to start an automobile business in Sioux City, Iowa.
In May ,1920, the partnership was changed to a corporation, and
in November of that year the business was discontinued with debts

due appellant. There is no evidence to the effect that respondent was a stockholder of the corporation. Neither is there any evidence that he was a member of the partnership except the written document Exhibit C, which was a document executed at the above mentioned meeting, prepared by said Smith, and signed by the two Gehans, Bern, and Carbaugh. This document amounted only to a guaranty of all notes that appellant should take that were issued by purchasers of machines sold. Neither of the notes in suit come under that class, and it is only important here because of its bearing upon the question of consideration. It has the following preamble:

"We, the undersigned, who are copartners of Bern-Gehan Company of Sioux City, Iowa, hereby jointly and severally guarantee," etc.

Both of the Gehans testified that respondent never was a member of the partnership, and that all transactions with the bank were had with Smith. Respondent testified that his signature on the two notes was obtained by Smith solely as an accommodation to the bank, and, in the case of the indorsed note, long after it had been executed. His testimony was that he declined to sign the notes, but was urged to do so by Smith so that he could make a showing before an impending meeting of the board of directors. On the other hand, Roe, the president of appellant, testified that the transaction about the note in the first cause of action was had with him, and that it was given as a renewal of a previous $10,000 note indorsed by respondent. There was a conflict in the testimony as to when respondent's signatures were obtained.

Appellant contends that the evidence was insufficient to sustain the verdict, in that it was insufficient to overcome the presumption of consideration arising from the execution of the one note and the indorsement of the other. In our view the contention cannot be sustained. We are of the opinion that the fundamental question before the jury was as to respondent's veracity. It chose to believe him, and we may not substitute our views for its.

Errors in rejecting evidence sought to be elicited by appellant are assigned to the general effect that the trial court confined it too closely in the introduction of evidence. We find no prejudicial error and no point that merits discussion.

Error is assigned in refusing to grant a new trial on the ground of newly discovered evidence. The alleged newly discovered evidence is that of said Smith who had severed his connection with appellant before the trial. We do not think that appellant has shown that degree of diligence that would justify us in saying that the trial court abused its discretion in not granting a new trial.

The judgment and order appealed from are affirmed.

DILLON, J., not sitting.

Note.—Reported in 205 N. W. 317.   See, Headnote, American Key-Numbered Digest, Bills and Notes, Key-No. 493(4), 8 C. J. Secs. 1048, 1359, 1060, 1371.