DAY, Respondent, v. NORTHWEST GERMAN FARMERS' MUTUAL INS. CO., Appellant.

(231 N. W. 900.)

(File No. 6530. Opinion filed August 12, 1930.)

*Theo. J. P. Giedt,* of Eureka, and *J. M. Berry,* of Ipswich, for Appellant.

*W. M. Potts,* of Mobridge, and *Thomas Ringsrud,* of Eureka, for Respondent.

SHERWOOD, J. This is an action on a policy of fire insurance. The jury returned a verdict in favor of the plaintiff for $1,816.41. From a judgment entered on this verdict and an order denying a new trial, defendant appeals.

Only five of the thirteen assignments of error were argued. They are: Nos. 7, 10, 11, 12, and 13. The assignments not argued are deemed abandoned. Steensland v. Noel, 28 S. D. 522, 134 N. W. 207.

Assignments Nos. 7, 10, and 11 were argued together. No. 7 predicates error on the refusal to direct a verdict for defendant at the close of plaintiff's testimony; No. 10, on the refusal to direct a verdict at the close of the case; and No. 11 specified the particulars in which the evidence is insufficient to support the verdict. The particular point presented by each of these assignments was that the title and possession of the subject of insurance had been changed without the consent of defendant. Assignments Nos. 12 and 13 were argued together and relate to denying defendant's motion for a new trial.

The insurance policy contained the following clause:

"This entire policy, unless otherwise provided by agreement, endorsed hereon or added hereto, shall be void * * * if the interest of the insured be other than unconditional and sole ownership * * * or if any change other than by death of an insured take place in the interest, title or possession of the subject of insurance (except change of occupancy without increased hazard) whether by legal process or judgment or by voluntary act of an insured or otherwise. * * * "

The facts necessary to determine the question presented are as follows: When Day obtained this policy of insurance on June 26, 1923, he was the sole owner and, with his family, in exclusive possession of the land and buildings covered by this insurance.

About the month of February or March, 1925, Day agreed to sell the land to one Schnabel, and on April 1, 1925, delivered possession of the land and buildings to him. Schnabel and his family have been in the sole and exclusive possession of the premises covered by the insurance ever since said time. It is the contention of appellant that this was a sale and delivery of the land to Schnabel and rendered the contract of insurance void.

192

It is the contention of respondent that the deed and mortgage were not delivered, but were left in escrow with one Anderson, who was acting as attorney for both parties in making the transfer, and were not to be delivered until a policy of insurance for $2,000 upon said buildings, in favor of Day, was obtained.

By the terms of the policy the change of occupancy only avoided the policy when it increased the hazard or risk of the insurance company.

It seems to be established by the great weight of authority that where the question is properly raised, the burden of proof is upon the insurance company to show that the change in occupancy increased the fire hazard.

"It is generally held; without regard to whether the breach complained of is that of a condition precedent or a promissory warranty or conditions subsequent, that defendant has the burden of proving the facts alleged by it as constituting such a breach * * * accordingly where defendant relies on such facts as a ground for avoiding the policy * * * the burden is on it to prove * * * that the risk or hazard was increased in violation of the terms of the policy." 26 C. J. p. 516, § 725.

In note 42 on the same page is given a large list of authorities from many different states sustaining this text.

██ There is no proof in this record showing whether the change of occupancy did or did not increase the fire hazard. That being the case, proof of the mere change of occupancy from Day to Schnabel, without any showing that such change increased the fire hazard, did not avoid the policy of insurance. We are not unmindful of the decisions of this court in Smith v. Sec. Mut. Fire Ins. Co., 37 S. D. 418, 158 N. W. 991; Smith, Trustee, v. Retail Merchants' Fire Ins. Co., 29 S. D. 332, 137 N. W. 47, 42 L. R. A. (N. S.) 173; and Russell v. Elliott, 45 S. D. 184, 186 N. W. 824, 22 A. L. R. 556. But in none of these cases was the question of who had the burden of proving whether or not the fire hazard was increased by the change of occupancy presented or decided.

Here the question of who must advance the proof as to the increase of such risk is presented, and we hold that the burden of making such proof is upon the defendant company, and proof merely of a change of occupancy of the property insured without prov-

ing also that such change of occupancy increases the fire hazard does not avoid the policy of insurance.

Upon the question of the delivery of the deed and mortgage both Day and Schnabel testified that both the deed and mortgage were left with one Anderson and were to be held by him until an insurance policy on the buildings for $2,000 payable in case of loss to Day was obtained. In addition to that, Day testified as follows:

"I have heard the testimony with reference to this deed and mortgage executed and delivered to Mr. Anderson's office at Burnstad. I executed the deed and left it there. Mr. Schnabel was present at the time. Mr. Schnabel was the grantee in the deed. The deed was to be left there until a $2000 insurance was taken out, payable to me, then it should be put on record. That insurance has not been surrendered to me. I did not pay for recording the deed. * * * I never told Anderson to record them. I did not send any deed or mortgage to the Register of Deeds to be recorded."

In opposition to this evidence it was shown that this deed and mortgage were dated on the 20th day of February, 1925, and filed on the 16th day of March, 1925, in the office of the register of deeds of the proper county. That while the mortgage was not in the possession of Day at the time of trial, it presumably had been in his possession before that time. That while the deed between Day and Schnabel was made in February and possession was given by Day to Schnabel on the 1st day of April, neither Day nor Schnabel had made any inquiry concerning the papers deposited with Anderson or made any effort or inquiry to obtain insurance, except that Day sent his policy of insurance to the insurance company about five months after he had delivered the possession of the property to Schnabel. In Day's letter transmitting the policy of insurance he merely requested the company to issue a new policy to Schnabel. The insurance company neither complied with his request, answered his letter, nor canceled the policy of insurance.

While this evidence with regard to the escrow might not be convincing to us, it presented questions of fact and of the credibility of witness which were properly submitted to the jury; and the verdict of the jury is final upon the question of the delivery of the deed. Where a deed is placed in escrow to be delivered

only on the happening of a condition subsequent, its delivery before the performance of the condition and contrary to the directions of the grantor will not pass title. 18 C. J. p. 206, § 105. Recording, if not at grantor's direction, is not conclusive proof of delivery. 18 C. J. p. 207, § 110. Such incomplete conveyance does not violate the conditions in a policy of insurance against change of title or interest. 26 C. J. p. 232, § 282.

For the reasons heretofore given, the motion for new trial based on the insufficiency of the evidence to sustain the verdict and errors of law occurring at the trial must be denied. The motion based on newly discovered evidence rests largely on the affidavits of Hocholter and Giedt. Hocholter was a witness at the former trial. All he would testify to appeared in the records and files of his office when he was called as a witness before. This is not newly discovered evidence and no sufficient reason is shown why it was not produced at the former trial. Gied't affidavit is denied by Anderson, who swears he would not deny the testimony of Day and Schnabel. The other matters in the affidavits and other papers merely relate to cumulative evidence. The motion for a new trial on the ground of newly discovered evidence was properly denied.

There being no other errors pointed out in the record, the judgment and order of the trial court are affirmed.

BROWN, P. J., and POLLEY, J., concur.

CAMPBELL, J., concurs in result.

BURCH, J., dissents.