SMITH Appellant, v. MUNSON, Respondent.

(238 N. W. 27.)

(File No. 6949. Opinion filed September 21, 1931.)

*Hasche & Foley* and *Matthew J. Schmit,* all of Watertown (*T. B. Thorson,* of Pierre, of counsel), for Appellant.

*Case & Case,* of Watertown, for Respondent.

WARREN, J.   Action upon a $1,500 promissory note payable on demand by the superintendent of banks as plaintiff against the defendant.   The note was found in the First State Bank of Quinn, S. D., at the time the banking department took over the failed bank.   The defendant pleaded lack of consideration and asked that the note be returned to the defendant without payment.   Both plaintiff and defendant seem to agree that the note was given as an accommodation note.   The note was procured from the defendant at the solicitation of his brother, L. A. Munson, the president of the First State Bank at Quinn, and was made payable to the bank.

The bank after receiving the note did not at any time part with the note or extend any accommodation to anybody by reason of the execution and delivery of said note by the defendant. Considerable testimony was introduced tending to show an utter want of consideration.   The defendant in his own behalf testified that he had never paid any part of the note and that it had never been returned to him, although he had made a demand for its return quite a number of times from his brother, L. A. Munson,

the president of the bank prior to its closing. From the evidence submitted it is fair to assume that the jury believed that this note was never negotiated or transferred to another, but at all times remained in the possession of the First State Bank of Quinn. The issues were all submitted to the jury and the jury returned a verdict in favor of the defendant. The jury chose to believe the defendant's testimony. We must therefore adopt the rule stated in Midwest State Bank of Sioux City v. Gehan, 48 S. D. 547, 205 N. W. 317, 318: "We are of the opinion that the fundamental question before the jury was as to respondent's veracity. It chose to believe him, and we may not substitute our views for its."

While it is true that this case rests largely upon the evidence of the defendant for the reason that the only other party, L. A. Munson, who would be able to testify could not be produced on account of being confined in the asylum at Yankton, S. D., yet the testimony of the defendant as to the oral demand for the return of the note and showing that there was no consideration was admissible as evidence to show the true condition of the transaction between the parties. "The rule that absence or failure of consideration for a written contract may be shown by parol is so elementary as to require no citation of authorities. That such a defense may be interposed in an action upon a promissory note, as well as other written contracts, is made clear by our statute (section 1732, R. C. 1919; section 28 Un. Neg. Inst. Act), which reads as follows: 'Absence or failure of consideration is a matter of defense as against any person not a holder in due course, and partial failure of consideration is a defense pro tanto, whether the failure is an ascertained and liquidated amount or otherwise.'" Independent Harvester Co. v. Anderson, 45 S. D. 60, 65, 186 N. W. 112, 114.

We are next confronted with the defendant's right to revoke, and, if so, did the defendant before the bank failed do what ought to have been done to completely establish his right by his various attempts at revocation. Revocation of accommodation paper is treated in 8 Corpus Juris, 258, § 408, as follows: "Revocation: It follows from the fact that accommodation paper is operative only when negotiated, that until negotiation an accommodation party may revoke the instrument whether he is an accommodation maker or an endorser, and this is so, although security was given to the

accommodation party for the use of his name, or although the paper has been pledged, except as to the amount advanced. * *, * Revocation is accomplished by giving notice to the parties concerned and the notice may be verbal." Section 409: "The party for whose benefit accommodation paper has been made, acquires no right against the accommodation party, who may set up the want of consideration as a defense to an action by the accommodated party, since as between them there is no consideration, a fact which is always a defense to a suit on negotiable paper between the immediate parties."

The testimony clearly shows that the bank of Quinn did not use the note for any purpose either to obtain money or credit upon it. Section 1733 of our Code (Rev. Code 1919) defines "accommodation" as follows: "An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party." "That a promissory note was executed by way of accommodation is a good defense against the payee, but not as against the indorsee, from whom money was obtained by virtue thereof, even though he had notice of the relation of the parties to each other." Baker v. Union Stock Yards National Bank, 63 Neb. 801, 89 N. W. 269, 270, 93 Am. St. Rep. 484.

During the trial evidence was introduced on the part of the plaintiff that the bank had held a $500 note which had been given to the bank and that the $1,500 note replaced the $500 note, or rather, that upon giving the $1,500 note, the $500 note was returned to the defendant. We can see nothing in the evidence that would justify one to come to that conclusion, because in 1921 the defendant gave the bank a check for said indebtedness including the interest, which canceled check was produced in evidence. The plaintiff further contended that the defendant executed a property statement at the same time that he executed the $1,500 note; that said property statement was executed for the purpose of obtaining credit from the bank. It was also further contended that the defendant received a $1,500 note signed by L. A. Munson and his wife which was a consideration for the defendant's note in the First

State Bank at Quinn. An examination of the evidence fails to impress us that such was the fact. There was an effort made to introduce a letter by a carbon copy relative to the $1,500 note which was signed by L. A. Munson and wife, but the plaintiff failed to connect up the carbon copy which he had offered as proof with the original thereof. The court was entirely justified in its ruling upon the exclusion of the carbon copy offered. The rule as to admission of secondary evidence should be zealously guarded. In this case, the only testimony produced to lay a foundation for the secondary evidence was that the exhibit was found in the bank. No one testified as to how it got there, no one testified that he had seen the original, and no one testified that it had been placed in the United States mails for transmission addressed to the sendee with the postage thereon fully prepaid. The exclusion thereof by the court was proper.

The property statement made by the defendant seems to have been made for the purpose of securing a credit at the bank, but this property statement together with the note and the evidence relating thereto were all submitted to the jury, who by their verdict resolved the issue in favor of the defendant.

Whatever use, if any at all, was made of the note by the First State Bank of Quinn does not appear. It must, however, be conceded that it was held in the bank, for what purpose or for whose benefit the evidence fails to disclose, but from all the evidence submitted to the jury they found that the defendant was not liable.

Plaintiff contended that the note was given the First State Bank of Quinn for the benefit of the brother of the defendant who was president of the bank. We are unable to find any testimony in the entire record to show that the brother received or intended to receive any benefit from giving of said note, and without any evidence in support of said contention and the utter lack of consideration passing between the parties, that feature of the contention must be eliminated.

We have carefully examined the assignments of error relating to the court's ruling upon evidence which appellant contends was highly prejudicial. No useful purpose could be served by a full discussion of these assignments, each of which, however, has been carefully considered. We cannot, however, say that any

of them standing alone or in the aggregate create such an amount of prejudice as to demand a reversal. When the rulings complained of are examined in the light of the plaintiff's pleadings and the evidence admitted, we find no prejudicial error in them. The appellant complains of the court's refusal to give requested instructions Nos. 1 and 3. On examination of the requested instruction No. 1 under the evidence as presented, the instruction requested did not contain the correct rule of law applicable to the facts involved as disclosed by the record. Requested instruction No. 3 appears to be an attempt to have the court instruct the jury amounting to and in the nature of an estoppel. An examination of the record clearly discloses that there was not sufficient evidence to support this instruction. It misstates the law and there is no evidence in the case bearing upon the issues to sustain the instruction. It also refers to testimony which had been excluded by the court during the trial.

Appellant's right to recover upon the accommodation note in question was dependent upon the purpose of the giving of the note to the bank, and this issue having been fairly submitted to the jury by instructions to which no exceptions were taken, the jury by its verdict having resolved in respondent's favor any conflict in the evidence, the verdict and judgment thereon must stand, unless this court can say that there is no substantial evidence to support the verdict. A review of the whole evidence, giving respondent's evidence that favor to which it is entitled on motion by appellant to direct a verdict, as well as giving due consideration to the fact that the credibility of the witness is the peculiar province of the jury, does not permit this court to say that the judgment is so unsupported by substantial evidence as to require its reversal.

After a careful review of the entire record, we are of the opinion that the judgment and order appealed from should be, and they are, affirmed.

POLLEY, P. J., and RUDOLPH, J., concur.

ROBERTS AND CAMPBELL, JJ., concur in affirmance.