CONKLIN, Respondent, v. THORSON, Appellant.

(276 N. W. 729)

(File No. 8039.   Opinion filed December 24, 1937)

*Alan Bogue,* of Parker, for Appellant.
*Claude A. Bennett,* of Canton, for Respondent.

WARREN, J.   Plaintiff, J. V. Conklin, is the holder of a promissory note for $5,000, signed by defendant, Sam Thorson, and his wife, and which was secured by a real estate mortgage on certain lots in the town of Beloit, Iowa.   During 1933, the defendant negotiated with the Federal Land Bank of Omaha to refinance certain property of his, and plaintiff, in order to accomplish the refinancing, agreed to give defendant a release or satisfaction of the mortgage he held on the property in Beloit, Iowa.   Negotiations for the Land Bank loan culminated along in the forepart of June, 1934.

Plaintiff's agent delivered the satisfaction of the mortgage to defendant, and at the same time defendant executed two notes for $2,000 each, which were placed in the hands of plaintiff's agent in Canton, S. D., to be held in trust and not surrendered to plaintiff until the original $5,000 note could be found. The Federal Land Bank delivered $1,000 in cash and bonds to plaintiff's agent in Canton, who forwarded them to the plaintiff. Shortly thereafter, and before the original $5,000 note had been found, plaintiff's agent, with the consent of defendant, sent the two $2,000 notes to plaintiff. Plaintiff returned the notes to his agents for the purpose of obtaining the signature of defendant's wife, and subsequently they were destroyed by defendant after he had secured possession of them on the pretext of obtaining his wife's signature thereto.

After the destruction of the two $2,000 notes, the original $5,000 note was found and action brought to recover thereon and to cancel the satisfaction of the mortgage. After the complaint had been amended and defendant had asked for a directed verdict, plaintiff again amended his complaint and asked for specific performance of his agreement with the defendant.

The cause was tried and the trial court presented three special questions to the jury. The jury decided the questions in favor of plaintiff and the court included the jury's decisions in the findings of fact and conclusions of law, which were also in favor of plaintiff. Judgment was entered decreeing that defendant execute notes identical with those he had destroyed; that plaintiff was entitled to damages in the sum of $4,396.80; and that upon the execution of the notes and the payment of costs, the money judgment against the defendant should be satisfied. Defendant's motion for a new trial was denied, and the cause is now before us on an appeal from the judgment and order overruling the motion for new trial.

Appellant, in assignment of error No. 1, presents that the court erred in failing to sustain his objection to the introduction of any evidence for the reason that the complaint did not state facts sufficient to constitute a cause of action. He contends in his argument of said assignment that the court cannot decree specific performance as the action, as shown by the complaint, is essentially an action at law for damages and that an action for specific performance cannot be maintained to compel the defendant to execute

the notes referred to. We believe that the court rightly overruled this objection as the objection itself was not sufficient in that it failed to call the attention of the trial court to any feature of the complaint wherein the allegations thereof were insufficient. Having failed to call the court's attention to the specific matters that he may have had in mind to urge, we feel that we must hold as we held in Heidner v. Germschied, 41 S. D. 430, 171 N. W. 208, that the objection was rightly overruled. See, also, section 1217, Requisites of Objections, 49 C. J. 823.

We now consider appellant's contention that the findings are against the clear preponderance of the evidence. The record discloses that there was a verdict of the jury answering the special questions submitted to them. These answers were made a part of the trial court's findings of fact, upon which the trial court based its conclusions and judgment. An examination of the record shows that substantially all of the evidence was presented to the trial court and jury through exhibits and through the testimony of three witnesses. J. V. Conklin, plaintiff and respondent, testified in his own behalf, as did Sam Thorson, the defendant and appellant. Ira Bartholomew, agent for Conklin, to a certain degree substantiated and corroborated the testimony of Conklin. Our examination of the record discloses that the testimony on behalf of the plaintiff and defendant was to a large extent in direct conflict as to just what agreement had been made between the parties and just what was said and done at various times. We must therefore abide by the well-settled rule of law that where the evidence is conflicting, the verdict of the jury and the findings of the trial court will not be disturbed. See Baker v. Baker et al., 2 S. D. 261, 49 N. W. 1064, 39 Am. St. Rep. 776; Thompson v. Hardy, 19 S. D. 91, 102 N. W. 299; Koester v. Northwestern Port Huron Co., 24 S. D. 546, 124 N. W. 740, and Smith v. Munson, 59 S. D. 6, 238 N. W. 27.

In considering appellant's specific contention that the acceptance by the respondent of the $1,000 in cash and bonds operated as a full accord and satisfaction of appellant's debt to respondent, we need only to refer to our decision regarding the sufficiency of the evidence. Appellant's whole argument concerning the question of the accord and satisfaction is built upon the premise that the agree-

ment between the parties was to settle the debt for the $1,000 in cash and bonds. Beyond doubt there was some kind of an agreement between the parties to this action, but the nature of that agreement is in dispute. The record shows that the evidence presented to the trial court pertaining to this agreement was in direct conflict, and we as an appellate court are therefore bound to accept the verdict of the jury and the findings of the trial court concerning it. Obviously, then, it is impossible for us to hold that the acceptance on the part of respondent of the $1,000 in cash and bonds was in full accord and satisfaction of appellant's debt to respondent, when the verdict of the jury and the findings of the trial court are to the effect that the agreement between the parties was that respondent should receive the $1,000 in cash and bonds plus the two $2,000 notes.

Appellant urges that the form of judgment entered by the court is an alternative and conditional judgment. Plaintiff was granted an unconditional money judgment against the defendant. If it was error for the court to grant the defendant the right to execute and deliver his promissory notes in satisfaction of the judgment, it is clear that the defendant was not prejudiced thereby, and that the judgment was not thus rendered conditional. We fail to see that the form of the judgment is so defective as to warrant setting it aside.

Other errors complained of have been considered and we feel that they are not prejudicial and could in no event change the result and outcome of this case.

The order and judgment appealed from are affirmed.

POLLEY, ROBERTS, and SMITH, JJ., concur.

RUDOLPH, P. J., disqualified and not sitting.