CHAMBERS, Respondent, v. WILSON, et al, Appellants

(294 N. W. 180.)

(File No. 8344.   Opinion filed October 8, 1940.)

Rehearing Denied December 6, 1940.

**D. H. Roberts,** of Ashton, and **Sterling, Clark & Grigsby,** of Redfield, for Appellants.

**W. F. Bruell,** of Redfield, for Respondent.

SMITH, P.J.   Plaintiff sought by his complaint to enjoin the defendants as judgment creditors of Ada Chambers from levying upon and selling a stock of merchandise and store fixtures owned by her in disregard of the lien of two chattel mortgages owned by plaintiff.   The answer denied the validity of the mortgages and admitted that defendants intended to proceed under execution as alleged in the complaint.   The court entered a declaratory judgment establishing the validity of plaintiff's mortgages.   The defendants appeal.

Of the ten assignments of error, but five are argued by appellants.   The assignments not argued are deemed abandoned.   Day v. Northwest German Farmers' Mutual Insurance Co., 57 S. D. 189, 231 N. W. 900.

The assignments presented are grouped under three propositions, viz.:  (1) The court erred in receiving any evidence; (2) the court erred in receiving certain exhibits; (3) the evidence is insufficient to support certain findings made by the court.

The objection to the reception of any evidence was in the following words:   "Defendants at this time object to the reception of any evidence for the reason the complaint does not state facts sufficient to state a cause of action against the defendants or any of them and that there are

no legal or equitable grounds set up in the complaint sufficient upon which to predicate the relief that plaintiff seeks. or any relief whatsoever." The objection failed to point out the particular grounds of insufficiency upon which defendants relied, and was therefore properly overruled. Conklin v. Thorson, 65 S. D. 588, 276 N. W. 729; Heidner v. Germschied, 41 S. D. 430, 171 N. W. 208.

■ The objection to the chattel mortgages as exhibits in the case was predicated upon certain of their provisions, and upon testimony then in the record indicating a knowledge on plaintiff's part that Ada Chambers was selling the mortgaged merchandise in the regular course of retail trade. It was asserted that the instruments were fraudulent and absolutely void as to defendant creditors. The objections were ruled correctly by the learned trial court. This jurisdiction is committed to the view that where a chattel mortgagor is permitted to retain possession of the mortgaged property with express or tacit power to sell, only a rebuttable presumption of fraud arises. Greeley v. Winsor et al., 1 S. D. 618, 48 N. W. 214; Hollenbeck v. Louden, 35 S. D. 320, 152 N. W. 116; Black Hills Mercantile Co. v. Gardiner et al., 5 S. D. 246, 58 N. W. 557; 73 A.L.R. 250. Whether the mortgages at bar were fraudulent in character presented an issue of fact to be determined after considering their provisions in the light of all the evidence. Black Hills Mercantile Co. v. Gardiner et al., supra. The instruments were properly received in evidence.

■ The appellants seek a review of the evidence under an appeal from the judgment.

SDC 33.1605 provides as follows:

"The former verdict or other decision may be vacated and a new trial granted on the application of the party aggrieved for any of the following causes, materially affecting the substantial rights of such party: * * *

"(6) Insufficiency of the evidence to justify the verdict or other decision or that it is against law."

By SDC 33.1607 it is provided: "An application for a new trial shall not be necessary as a prerequisite to obtain appellate review as to matters specified in subdivisions (6)

and (7) of section 33.1605, and all of such matters may be reviewed on an appeal from the judgment, regardless of whether a motion for a new trial has been made, provided such matter has been submitted to the trial court as prescribed in section 33.0710."

The pertinent words of SDC 33.0710 to which reference is made in SDC 33.1607, supra, are as follows: "Such of the matters specified in subdivisions (6) and (7) of section 33.1605 as may have been timely presented to the trial court by motion for directed verdict, request for findings, or other apt motion, offer, objection, or exception may be reviewed on appeal from the judgment without necessity for an application for new trial."

The foregoing provisions were not prompted by an intention to do away with the necessity of raising the question of the sufficiency of the evidence in the trial court. They were inserted in an attempt to make it clear that, if the sufficiency of the evidence had been once questioned in the trial court by other appropriate procedure, it need not be questioned there a second time on motion for a new trial in order to secure a review of the evidence in this court.

In the case at bar, as we understand the record, the sufficiency of the evidence was never presented to the trial court in any of the methods described in SDC 33.0710, supra, nor by a motion for new trial. Such a record does not present the evidence for review.

The judgment of the learned trial court is affirmed.

POLLEY, ROBERTS, and WARREN, JJ., concur.

RUDOLPH, J., not sitting.